### RONALD v. MUTUAL RESERVE FUND LIFE ASS'N.

*(Circuit Court, S. D. New York.  February 14, 1887.)*

ATTORNEY AND CLIENT—CHANGING ATTORNEY—LIEN.

A litigant has the right, in general, to change his attorney at pleasure, nor is this right barred by a prior contract to pay the attorney a fee contingent on the amount recovered. Such a contract is to be construed as fixing the mode of compensation only, subject to such reasonable changes as subsequent circumstances may make proper. But, where a change of attorney is made, it should be upon security for his fees. In this case the plaintiff was required to file a stipulation with an order declaring the attorney's lien *pro rata* upon any money or judgment recovered, to the extent that might be thereafter determined, should the plaintiff be successful in the suit, and notice of such lien should be given the other party.

*Charles B. Meyer*, for petitioner.
*J. K. Hayward*, opposed.

BROWN, J. A motion is made on behalf of the plaintiff for the substitution of new attorneys, which is resisted on the ground of a special agreement made with the present attorney on his taking the cause, to-

wit, that he should be paid 10 per cent. of the collections as his compensation. The action was for a recovery of $5,000 upon an insurance of the life of the plaintiff's husband, now deceased.

The right, in general, of a litigant to change his attorney at pleasure, has been repeatedly affirmed. *In re Paschal,* 10 Wall. 483, 493–496; *Dodge* v. *Schell,* 20 Blatchf. 517, 12 Fed. Rep. 515; *In re Wilson,* 12 Fed. Rep. 235, 238, and cases there cited. In the present case not much progress has been made in the disposition of the cause. A demurrer to the complaint has not been argued, and the plaintiff's proceedings have been stayed until security for costs on her part is filed. The plaintiff herself resides in Scotland, and is understood to be in poor circumstances. Her attorney in fact, who undertook the prosecution of her interests here, desired to be relieved of his charge; and a new attorney in fact has been substituted, by whom this application for a change of attorneys in the litigation has been promoted.

Contracts like that in the present instance, for the compensation of attorneys to be paid from the amount recovered, and contingent upon a recovery, are not to be construed as debarring a plaintiff from any change of attorney, nor as giving the original attorney an absolute control of the litigation to the end. Such a construction would be impolitic in its results, and cannot be sustained. The agreement should be regarded as providing for the mode of compensation only, and subject to such reasonable changes and provisions as subsequent circumstances may make proper. The attorney has a lien upon the papers in his possession for his contingent fees, in case of final recovery, to the extent of the proportion of services already rendered. The motion for a substitution should be granted, upon the plaintiff's stipulation being filed with an order entered herein declaring the present attorney's lien *pro rata* upon any moneys or judgment hereafter recovered, to the extent that may be hereafter determined, should the plaintiff be successful in the suit; and that notice of such lien be given to the defendant. This will probably be a satisfactory security to the present attorney; if not, I will consider any further application in that respect in his behalf.