## In re SUDDS.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. DECEDENT'S ESTATE—CLAIMS—PROOF.

Claimant filed in the surrogate's court a writing purporting to be a copy of an agreement between himself and a legatee (since deceased) under a will whereby the claimant was to have, in return for services as attorney in collecting claims of the legatee against the estate, one-half of the sum secured. It did not appear that the legatee had ever been personally present in court or admitted the agreement, and no original written agreement was shown. *Held*, that the claimant was not entitled to the share; the claim not being established.

Appeal from surrogate's court, St. Lawrence county.

In the matter of the judicial settlement of the account of Henry Sudds as executor of the will of James C. Reade, deceased. From a decree confirming the account, Vasco P. Abbott appeals. Dismissed.

Henry Sudds, as executor of the will of James C. Reade, deceased, filed a petition in the surrogate's court, St. Lawrence county, for a judicial settlement of his account as such executor, and a citation was issued, directed to the legatees named in said will, including one George S. Miller. The appellant was not named in the citation, but signed a written admission of service of the citation as follows, viz.: "Vasco P. Abbott, individually and as atty. for G. S. Miller." The appellant, individually and as attorney for Miller, joined with others in written objections to the account filed by the executor, and appellant and Miller are named in such objections as follows: "George S. Miller, and Vasco P. Abbott as assignee of one-half interest of George S. Miller." A trial was had in the surrogate's court, and on the 15th day of February, 1900, the surrogate filed an opinion (In re Sudds, 32 Misc. Rep. 182, 66 N. Y. Supp. 231) which in no way refers to the appellant as an individual claimant to a share in the estate to be distributed. Thereafter, and on the 19th day of February, in the absence of the other parties to the proceeding, and not on a day to which the proceeding had been adjourned, the appellant filed in the surrogate's office a paper purporting to be a copy of an agreement between himself and said Miller, which copy agreement relates to services to be performed by the appellant, as attorney, in collecting certain claims of said Miller against the estate of said Reade "for his legacy under the will of said Reade, and also * * * for work, labor, and services," and contains an agreement as follows: "It is hereby agreed between the parties hereto that said Abbott is retained to prosecute said claims, and to use his best endeavors for the collection of the same, and in case of recovery said Abbott is to have one-half of the net

recovery for his services, in addition to all taxable costs and disbursements. * * * In case said Abbott fails to make a settlement of said claims, or fails to recover in the action, he hereby agrees that his charge for services shall not exceed the sum of one dollar." Such copy agreement is followed by a statement that appellant has performed his part of the agreement. On the 22d day of February the said Miller died. On the 26th day of February the attorneys who had appeared in the proceeding were again before the surrogate's court, and a decision was then made by the surrogate, including findings of fact and conclusions of law, and a decree dated the 26th day of February, 1900, was entered thereon. The appellant on said 26th day of February for the first time asked to have the decree direct payment to him of one-half of the distributive share of said Miller under said will. One of the next of kin of said Miller was present in court, and objected to having the decree direct the payment to appellant of any part of the share to which the said Miller would have been entitled. The surrogate found, as a conclusion of law: "Fourth. That said Abbott is not entitled, either individually or as attorney for said George S. Miller, deceased, to have the decree direct the payment to him of one-half of the distributive share of said Miller under the will, until the representatives of said deceased have been made parties, and been given an opportunity to be heard in opposition to the claim of said Abbott." The surrogate overruled all of the objections to said account, and no provision was made for appellant in the decree.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Abbott & Dolan, for appellant.

E. H. Neary, for respondent.

CHASE, J. Assuming that the alleged agreement was signed by Miller and delivered to appellant as claimed, it is doubtful whether it made appellant a party in interest, entitling him to appear in the proceeding and to maintain this appeal. In re Evans' Will, 58 App. Div. 502, 69 N. Y. Supp. 482; Id., 65 App. Div. 100, 72 N. Y. Supp. 495. Assuming that such an agreement is sufficient to constitute the person with whom the agreement is made a party in interest, nevertheless the appellant herein must fail, for the reason that he has not given any proof of the execution and delivery of the agreement, or of the performance of the services therein mentioned. Appellant, so far as he has made an individual claim to a portion of Miller's distributive share in the estate, has done so by virtue of his individual appearance in the proceeding, and not as attorney for Miller. The record does not disclose any original agreement or other paper signed by Miller relating to or reciting appellant's claim, and there is no record of Miller ever having been personally present in court. Appellant's claim, therefore, has not been acquiesced in, admitted, or proven. The decision of the surrogate as to the items of the executor's account to which objections were filed would seem to be right.

It is not necessary to discuss the other questions raised by the appellant, or to determine at this time whether the decree entered after the death of Miller is binding upon his personal representatives.

Appeal dismissed, with $10 costs and disbursements. All concur.