RASTUS S. RANSOM et al., Respondents, *v.* ROBERT L. CUTTING, Appellant, and THE FARMERS' LOAN AND TRUST COMPANY, Respondent.

1. APPEAL — WRITTEN CONTRACT NOT FOUND CANNOT BE READ INTO THE FINDINGS, ALTHOUGH STATED IN THE PLEADINGS AND SET FORTH IN THE RECORD. Where the findings, in an action to establish the rights and lien of a firm of attorneys in and to a fund recovered in a legal proceeding, under a written agreement of retainer, do not contain the agreement *in extenso* but only the substance thereof, omitting one important clause, such clause cannot be read into the findings by reason of the fact that the entire agreement is a part of the pleadings constantly referred to in the progress of the case through the courts and is printed in full at least three times in the record.

2. ATTORNEY AND CLIENT — WHEN AGREEMENT TO CONTEST WILL AND PAY DISBURSEMENTS FOR A CONTINGENT FEE, NOT UNCONSCIONABLE. The mere fact that the attorney was to receive a certain portion of the recovery, does not render the agreement unconscionable, in the absence of proof that it was induced by fraud, or that the compensation provided for was so excessive as to evince a purpose to obtain an improper or undue advantage.

3. WHEN AGREEMENT IS NOT CHAMPERTOUS. Where a disinherited son voluntarily and at his own instance entered into a written agreement retaining attorneys to oppose the probate of his father's will or to effect a settlement, agreeing to pay them specified percentages in either case, the mere fact that the agreement provided that the attorneys should not call upon him " for any sum or sums of money to pay the necessary disbursements required in the said proceedings," does not render it champertous within the meaning of section 74 of the Code of Civil Procedure; the purpose of this section is to prevent an attorney from encouraging, instigating or promoting ill-feeling or strife, and thereby securing the ownership or control of a demand of any kind for the purpose of bringing an action thereon.

*Ransom* v. *Cutting,* 112 App. Div. 150, affirmed.

(Argued April 23, 1907; decided May 21, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 10, 1906, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term in an action brought to establish plaintiffs' rights and liens as attorneys under an assignment upon certain funds in the hands of the defendant trust company on the settlement of a contest

in the Surrogate's Court over the will of the late Robert L.
Cutting, father of the defendant, Robert L. Cutting.

The facts, so far as material, are stated in the opinion.

*Franklin Bartlett* for appellant.    The agreement between
plaintiffs and defendant Cutting is champertous and, therefore,
void and cannot be enforced.  (Weeks on Attorneys [2d ed.],
186; *Irwin* v. *Currie*, 171 N. Y. 409; *Matter of Speranza*,
186 N. Y. 280; *Stedwell* v. *Hartman*, 74 App. Div. 126;
*Begly* v. *Weddigen*, 86 App. Div. 629; *Matter of Fitzsim-
ons*, 174 N. Y. 15.)    The gist of champerty is not the seek-
ing out or solicitation of the client, but, as set out in section
74 of the Code of Civil Procedure, it is the promising or
giving of a valuable consideration by an attorney as an induce-
ment to the placing in his hands of a demand of any kind.
(*Matter of Clark*, 184 N. Y. 222.)    Sections 73 and 74 of
the Code of Civil Procedure are declaratory of the common
law prohibiting champerty and are not merely penal statutes,
so that they must be liberally construed according to their
fair meaning and intendment.    They cover special proceed-
ings as well as actions.    (*Spencer* v. *Myers*, 150 N. Y. 269;
*People* v. *Palmer*, 109 N. Y. 110; *Fitzgerald* v. *Quann*, 109
N. Y. 441; *Sickles* v. *Sharp*, 13 Johns. 497; *Matter of Sug-
den* v. *Partridge*, 174 N. Y. 87; *People ex rel. Woods* v.
*Lacombe*, 99 N. Y. 43.)

*William H. Hamilton* for respondents.    The claim of cham-
perty has not been sustained.    (*Moses* v. *McDevitt*, 88 N. Y.
62; *Vande Water* v. *Gear*, 21 App. Div. 203; *Matter of
Fitzsimons*, 174 N. Y. 15; *Fowler* v. *Callan*, 102 N. Y. 395.)

EDWARD T. BARTLETT, J.    The opinions of the learned
courts below have dealt with this case in a very satisfactory
manner, and we would not be disposed to continue the dis-
cussion were it not for the fact that a question of practice is
presented requiring consideration.

The written agreement of retainer between the plaintiffs
and the defendant, Robert L. Cutting, and wife, is not incor-

porated, *in extenso*, in the findings of the trial court. The substance of this agreement is found with at least one important exception. The provision that the plaintiffs "shall not call upon said Robert L. Cutting (third) for any sum or sums of money to pay the necessary disbursements required in the said proceedings" is not expressly found.

The counsel for plaintiffs, respondents, insists that the facts as found are the sole basis for appellant's discussion here. The counsel for appellant Cutting argues that the agreement must be deemed as found in its entirety by reason of the fact that it is a part of the pleadings constantly referred to in the progress of the case through the courts and is printed in full at least three times in the record.

This omitted clause of the agreement and any other provision thereof not expressly found cannot be read into the findings as they stand.

The learned counsel for appellant bases his main argument upon the fact that the plaintiffs were not to call upon the defendant Cutting for any sum or sums of money to pay the necessary disbursements required in the said proceedings. If the respondents were in a position where it was necessary to insist upon the strict construction of the findings there would be no answer to the point they have raised that this important omitted clause is not before us.

On the argument and in the brief of respondents' counsel it was suggested that this court look carefully through the record, notwithstanding the unanimous decision of the Appellate Division, to ascertain the real merits of the controversy. We have, therefore, concluded in rendering our decision in favor of the respondents to consider the omitted clause, giving it the full force and effect as if embodied in the findings.

It is not necessary at this time to consider in detail the findings of the trial court and the conclusions flowing therefrom, for this point has been so thoroughly discussed in the opinions of the courts below that it would be mere repetition.

Two main points are argued in support of this appeal: (1) That the agreement of retainer is unconscionable and ought

29

not to be enforced in a court of equity; and (2) that the agreement is champertous under section 74 of the Code of Civil Procedure. In regard to the contract being unconscionable and non-enforceable it is a sufficient answer to say that this question is disposed of in favor of the respondents by the unanimous decision of the Appellate Division. There is, however, a further answer to the suggestion in the rule recently restated by this court in *Matter of Fitzsimons* (174 N. Y. 15) as follows: The mere fact that the attorney was to receive one-half of the recovery does not render the agreement unconscionable in the absence of proof that it was induced by fraud or that the compensation provided for was so excessive as to evince a purpose to obtain an improper or undue advantage.

This appeal is presented upon the plaintiffs' case, the defendant Cutting having offered no evidence.

The counsel for appellant argued with great earnestness and ability that this agreement of retainer is in violation of section 74 of the Code of Civil Procedure and is champertous. The material portion of that section reads as follows: "An attorney or counsellor shall not, by himself, or by or in the name of another person, either before or after action brought, promise or give, or procure to be promised or given, a valuable consideration to any person, as an inducement to placing, or in consideration of having placed, in his hands, or in the hands of another person, a demand of any kind, for the purpose of bringing an action thereon."

There is no finding and no evidence in this case tending to establish any fact that would bring the plaintiffs by virtue of the agreement of retainer within the provisions of this section. It is found in substance that the plaintiffs were and are engaged in the practice of the law in the city of New York, and that Rastus S. Ransom was a member of that firm during the transactions involved in this action; that Robert L. Cutting, the father of the defendant, Robert L. Cutting, departed this life on the 13th of January, 1894, leaving a large estate, a will and certain codicils; that said deceased was vested also with a power of appointment by will in respect to a half of

his father's estate, the defendant's grandfather, which he assumed to exercise ; that the defendant Cutting was disinherited by his father from any participation in his estate or that of his grandfather; that shortly after the death of his father the defendant Cutting by a written instrument dated February 1st, 1894, duly retained and employed the plaintiffs and their law firm to act as his attorneys and counsel to make objections to and in contesting the probate of the will and codicils of his father. The evidence fully sustains these findings and establishes the fact that the plaintiffs were voluntarily retained by the defendant Cutting.

This agreement of retainer must be regarded as a contract for the compensation of the plaintiffs who were retained to appear for a disinherited son whose only hope was to contest the probate of his father's will and codicils, thereby setting aside those instruments, or failing in that, to secure a settlement that would permit him to receive some portion of his father's estate. This latter result was realized, the defendant Cutting receiving thirty thousand dollars in cash and an annuity of four thousand dollars to continue during his natural life. This annuity was secured to him by the deposit of ninety-five thousand dollars in the defendant trust company. The agreement of retainer provided that the plaintiffs were to receive ten per cent of the moneys realized on a settlement if less than fifty thousand dollars. On the payment to the defendant Cutting of the sum of thirty thousand dollars, he at once paid the plaintiffs ten per cent thereof — three thousand dollars — and for some eight years he paid the ten per cent on his annuity.

We have here a ratification of the agreement of retainer, of the results achieved thereunder and a repudiation after years of acquiescence. It is clear under this state of facts that section 74 of the Code of Civil Procedure had no application.

The counsel for defendant Cutting seeks to bring this agreement of retainer under the condemnation of the section in question by the argument that the provision therein, to the effect that the plaintiffs would not call upon the defendant

Cutting " for any sum or sums of money to pay the necessary disbursements required in the said proceedings," is the giving of a valuable consideration to the defendant Cutting as an inducement to enter into the contract. In other words, the counsel likens the case at bar to many that have been argued in this court, where it was decided that a lawyer, agreeing with his client to bring an action and pay all the expenses thereof in consideration of receiving a portion of the recovery, violates the section in question.

The purpose of section 74 of the Code of Civil Procedure is to prevent an attorney from encouraging, instigating or promoting ill-feeling and strife, and thereby securing the ownership or control of a demand of any kind for the purpose of bringing an action thereon.

The contract before us providing for compensation of plaintiffs in defending the defendant in a hostile proceeding about to be instituted in Surrogate's Court, brings this case within the rule laid down in *Fowler* v. *Callan* (102 N. Y. 395). In that case proceedings had been instituted before a surrogate which threatened the interests of the defendant in certain real estate and required him to appear and defend. He called upon the plaintiff and retained him as his attorney. They entered into an agreement, in pursuance of which the defendant executed to plaintiff a deed of an undivided half of the real estate, the latter agreeing to accept the same as his compensation to conduct the defense to its close, and pay all the costs and expenses of the litigation, and to indemnify the defendant against the same. Judge FINCH, in his opinion, after commenting upon the serious position in which the defendant found himself, stated (p. 398): " In this emergency he sought the aid and professional services of the plaintiff and retained him as attorney. The latter neither sought the retainer nor did anything to induce it. So far as appears it was not occasioned by any offer or solicitation of his, but originated in the free and unbribed choice of the client. The evidence does not show whether the latter had gained possession of the land devised or was out of possession, but he gave

to the attorney a deed of one undivided half part of the property, taking back his covenant to conduct the defense to its close, paying all costs and expenses of the litigation, and indemnifying the devisee against all such liability. The agreement appears to have been purely one for compensation. If the client had given to the attorney money instead of land the contract would have differed in no respect except the contingent character of the compensation. The arrangement contemplated success in the litigation, in which event the land would pay the costs and expenses and the attorney's reward, and both would be discharged out of the property of the client placed in the hands of the attorney for the precise purpose. The contract in no respect induced the litigation."

This case is a complete answer to the argument of appellant's counsel that the agreement of plaintiffs not to call upon the defendant, Cutting, for money to pay the necessary disbursements, rendered the agreement of retainer champertous.

We are of opinion that the attorneys for the defendant, Cutting, acted in every way as honorable practitioners, and are subject to no criticism for the manner in which they conducted the case of their client; they rendered to him, as the court found, extensive, valuable and meritorious legal services, and secured for their client a favorable result under conditions that were, to say the least, most unpromising.

The judgment appealed from should be affirmed, with costs.

Cullen, Ch. J., Gray, Haight, Werner and Hiscock, JJ., concur; Willard Bartlett, J., not sitting.

Judgment affirmed.