### IBERT v. ÆTNA LIFE INS. CO.

#### (District Court, E. D. New York. May 4, 1914.)

ATTORNEY AND CLIENT (§ 150*)—RIGHT TO COMPENSATION—SUBSTITUTION OF ATTORNEYS.

An attorney, who was to receive one-fourth of the recovery for bringing a suit, was entitled only to reasonable compensation on the basis of the services rendered and capable of being rendered by him, where another attorney was substituted who negotiated a settlement.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 354–357; Dec. Dig. § 150.*]

At Law. Action by Mary L. Ibert against the Ætna Life Insurance Company. Proceeding to determine the rights of attorneys employed by plaintiff in the proceeds of a settlement. Ordered as stated in opinion.

Max E. Lehman, of Brooklyn, N. Y., for plaintiff.

Henry F. Cochrane, of Brooklyn, N. Y., for judgment creditor.

Philip A. Brennan, of Brooklyn, N. Y. (Fredk. S. Lyke, of Brooklyn, N. Y., of counsel), pro se.

CHATFIELD, District Judge. The plaintiff retained an attorney to bring suit under an agreement for one-third of the proceeds. Action under this was brought by another attorney, through arrangement of which the plaintiff was not informed, but which she ratified by verifying the complaint drawn by that attorney of record. The actual attorney of record was to receive one-fourth of the recovery. Settlement was made after substitution of a third attorney, who negotiated a division of the proceeds with judgment creditors, who obtained one-half of the settlement. All the recovery was subject to the rights which on substitution were preserved for the attorney of record by the terms of the order of substitution.

The original attorney has forfeited his rights by concealment of the transaction from his client. If the action had been carried through by the attorney of record, he would have been entitled to the full one-fourth. As a result of the substitution, however, he is entitled only to a reasonable compensation from the basis of his contract and of the services rendered and capable of being rendered by him. It

would seem that an allowance of $500 would be a fair compensation therefor, and such amount will be allowed from the entire proceeds of settlement. The plaintiff and judgment creditor may adjust their own shares therein, but the plaintiff will be held responsible for payment of the amount allowed.