In the Matter of the Application of the City of New York Relative to Acquiring Title to Lands Required for the Opening of Rosedale Avenue.

Morris Kushner, Appellant; Clarence C. Ferris, Respondent.

Attorney and client — cancellation of contract by client — attorney can recover only for value of services rendered.

Where by a written contract of retainer the client agreed to pay and assigned to the attorney fifty per cent of any award for land taken in a street opening proceeding over and above a certain amount, and thereafter and while the proceeding was pending the client terminated the attorney's authority to appear for him, the attorney can recover only for value of the services rendered, and in the absence of any claim to recover on a *quantum meruit* the Special Term was justified, in a proceeding to cancel the attorney's lien and to compel payment of the award, in directing that the fund be paid to the client. (*Martin* v. *Camp*, 219 N. Y. 170, followed.) *Matter of City of New York*, 174 App. Div. 853, reversed.

(Argued October 9, 1916; decided October 17, 1916.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 26, 1916, which reversed an order of Special Term canceling an attorney's lien upon an award in condemnation proceedings.

The facts, so far as material, are stated in the opinion.

*Frederick W. Hottenroth* for appellant. Petitioner, by letter of November 12, 1907, definitely canceled the contract. After the receipt of this letter, respondent's rights were limited to a demand and (in a proper case) the recovery for services, if any, rendered up to that time. Respondent made no such demand then or at any time. (*Tenney* v. *Berger*, 93 N. Y. 524; *Matter of De Angelis* v. *Bank for Savings*, 74 Misc. Rep. 394; *Matter*

*of Robbins*, 61 Misc. Rep. 114; 132 App. Div. 905; *Matter of Albers Realty Co.*, 140 App. Div. 277; *Johnson* v. *Ravitch*, 113 App. Div. 810.) The lien should be canceled. (*Marvin* v. *Universal Life Ins. Co.*, 85 N. Y. 278.)

*George M. Mackellar* and *Robert Gerbracht, Jr.*, for respondent. The respondent's lien attached to the appellant's recovery upon the commencement of the proceeding. (*Matter of City of New York*, 107 App. Div. 22; *Matter of Albers Realty Co.*, 140 App. Div. 277; *Friedman* v. *Mindlin*, 91 Misc. Rep. 473.) The amount of the lien is fixed by the contract. (*Carlisle* v. *Barnes*, 102 App. Div. 573; *Martin* v. *Camp*, 161 App. Div. 610; *Friedman* v. *Mindlin*, 91 Misc. Rep. 473; *Serwer* v. *Serwer*, 91 App. Div. 538; *McDonald* v. *De Vitto*, 118 App. Div. 566; *Matter of Bassford* v. *Johnson*, 172 N. Y. 488; *Miller* v. *Simpson*, 131 App. Div. 898; *Matter of Bd. of Street Opening*, 128 App. Div. 432.)

*Per Curiam.* In March, 1907, the petitioner, Morris Kushner, retained the respondent as his attorney in a proceeding for the opening of Rosedale avenue in the city of New York. The contract of retainer, which was signed by the client, is in writing, and contains the following provision: "I agree to pay, and hereby assign to him [the attorney] for all services, fifty per cent. of the amount paid as purchase price, or recovered for damages over and above amount fixed by city expert. No other compensation whatever, either for expert witness fees or for any other disbursement, is to be paid by me. In case of no award nothing to be paid by me." Thereafter and while the proceeding was still pending, the client gave notice of the cancellation of the contract, and terminated the attorney's authority to appear for him. An award of $6,139.70 was procured by other counsel. Interest upon

this award has brought the recovery to $8,803.99. This is $3,197.77 in excess of the value fixed by the city's expert, and the respondent lays claim to fifty per cent of the excess, or $1,598.89. He has filed with the comptroller a notice of lien on the award, and pending the determination of the controversy the comptroller has withheld payment. In a proceeding brought by the client to cancel the lien and compel payment by the comptroller, the Appellate Division, reversing the Special Term, has sustained the attorney's claim, and has held that he is entitled, standing upon his contract, to payment from the fund.

We do not find it necessary, for the disposition of this appeal, to determine whether the contract contains an implied promise by the attorney to pay the expense of litigation, and thereby violates section 74 of the Code of Civil Procedure (*McCoy* v. *Gas Engine & Power Co.*, 152 App. Div. 642; 208 N. Y. 631; *Ransom* v. *Cutting*, 188 N. Y. 447). That section of the Code has been amended since the contract was made and is now section 274 of the Penal Law. If we assume that the contract is not illegal, the attorney is not entitled to compensation according to its terms. Under our recent decision in *Martin* v. *Camp* (219 N. Y. 170), the client has the right to end the employment at any time before complete performance, and the value of the services then rendered becomes the measure of the attorney's reward. The petitioner has exercised that right, and the attorney's compensation even under a lawful contract must be limited accordingly. But the attorney now before us has made no attempt to prove the value of his services up to the date of the termination of his employment. He has taken his stand upon the position that even though the employment was terminated, he must be paid according to the contract. Our decision in *Martin* v. *Camp* shows that position to be untenable. In the absence of any claim by the attorney to recover on a *quantum*

*meruit,* the court at Special Term was justified in directing that the fund be paid to the petitioner.

The order of the Appellate Division should be reversed, and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, CUDDEBACK, HOGAN and CARDOZO, JJ., concur.

Ordered accordingly.