**SPELLMAN v. BANKERS' TRUST CO. et al.**

(Circuit Court of Appeals, Second Circuit. February 9, 1925.)

No. 209.

1. **Attorney and client ⬅⬆144 — Rights under contract of retainer determined by laws of state where made.**

The rights of the parties under a contract of retainer made in New York are determined by the laws of that state.

2. **Attorney and client ⬅⬆134(2) — Attorney held entitled only to reasonable value of services rendered before discharge.**

An attorney, having a contract for a contingent fee, on his discharge, is entitled only to the reasonable value of the services rendered up to the time of his discharge.

3. **Attorney and client ⬅⬆148(2), 176—Agreement for contingent fee held not to constitute an equitable assignment.**

An agreement by a client to pay an attorney a stated percentage of any amount recovered from the estate of a testator above what was left her by the will did not constitute a legal or equitable assignment of any part of her interest in the estate, and where nothing was recovered by the attorney there is no fund to which a lien could attach.

4. **Attorney and client ⬅⬆192(2)—Client held necessary party to suit to recover fee.**

To a suit by an attorney having a contract for a contingent fee to enforce his right against property or a fund, the client is a necessary party.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Clarence I. Spellman against the Bankers' Trust Company, executor, and others. Decree for defendants, and complainant appeals. Affirmed.

Merle I. St. John, of New York City, for appellant.

Sullivan & Cromwell, of New York City (Ralph Royall, of New York City, of counsel), for respondents.

Before HOUGH, MANTON, and HAND, Circuit Judges.

MANTON, Circuit Judge. Appellant sued, claiming to be an equitable assignee of a fractional share of the estate of John H. Flagler, deceased. He is a lawyer of the state of Missouri, but not admitted to practice in New York state. He was employed by one Beatrice F. Flagler, widow of John H. Flagler, by written contract dated September 16, 1922, providing:

"Now, therefore, for and in consideration of the premises and of the legal services rendered and to be rendered her in this behalf the said Beatrice F. Flagler hereby agrees to pay to said Spellman fifty (50) per cent. of whatever may be recovered for her from said John H. Flagler estate or from any beneficiary in his will, in excess of what is left to her under the terms of the will and codicil above referred to, whether same be by money or property judgment in court or by compromise or adjustment before suit is brought or afterwards. * * * If recovery be in property said Beatrice F. Flagler agrees to, execute and deliver to said Spellman necessary deeds, assignments, or bills of sale to convey to and vest in him the interest therein contemplated by this contract."

Professional services under this retainer, it is pleaded, consisted of various conferences with his client and others interested in the estate. No settlement with the executors whereby any funds came to Mrs. Flagler was made, nor was there any decree, by consent or otherwise, entered, awarding to her any sums of money or property by reason of the claims set forth as to the invalidity of the will of Flagler. On September 11, 1923, the client terminated this employment. The

claim of the appellant is that the widow had an interest in the estate because in his will the testator bequeathed property in violation of section 17 of the Decedent Estate Law of New York; that is to say, that—

"No person having a husband, wife, child or parent, shall, by his or her·last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association or corporation, in trust or otherwise; more than one-half part of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half, and no more." Consol. Laws, c. 13.

Appellant's contention, as set forth in the original complaint, was that the agreement amounted to an assignment of a one-half interest in whatever sums Mrs. Flagler, his client, was entitled to in the estate of Flagler because of bequests made in violation of section 17 of the Decedent Estate Law of New York. It was argued below, as it is on this appeal, that by the amended pleading and the bill of particulars served the appellant has an equitable assignment through this written agreement of a one-half interest in whatever Mrs. Flagler was entitled to. The appellant, not being a member of the bar to the state of New York, is not entitled to the protection of the statutory lien granted to a lawyer of this state. It being admitted that no funds were obtained by Mrs. Flagler by reason of the services rendered by the appellant, and since it appears that there is no determination that any provision of the will was invalid, either by agreement or judicial decree, there is no fund to which any lien might attach.

[1, 2] The contract of retainer having been made in New York state, we hold that the rights of the parties should be determined under the contract law of New York. In re Paschal, 77 U. S. (10 Wall.) 483, 19 L. Ed. 992. Where an attorney has been discharged he having been retained on the promise of a contingent fee, he is entitled only to the reasonable value of the services rendered up to the time of his discharge. Ibert v. Ætna Life Ins. Co. (D. C.) 213 F. 996; Du Bois v. City of New York, 134 F. 570, 69 C. C. A. 112; Ronald v. Mutual Reserve Fund Life Ass'n (C. C.) 30 F. 228; Matter of City of New York, 219 N. Y. 192, 114 N. E. 49; Martin v. Camp, 219·N. Y. 170, 114 N. E. 46, L. R. A. 1917F, 402. · An attorney may not carry on the litigation on the theory of enforcing the statutory lien.

[3, 4]· But it is argued that the appellant is an ·equitable assignee by virtue of this agreement. A contingent fee agreement does not constitute a legal assignment. Here the claim is that the equitable assignment arises by virtue of a phrase that the widow assigns to the plaintiff a one-half interest in and to all her right, title, and claim, etc. There is no actual assignment or transfer of the widow's interest. The client is a necessary party, if the appellant is suing upon an equitable assignment or an equitable lien. The courts have recognized the rights of· attorneys under contingent fee agreements to have recourse to a fund created by their efforts out of the subject-matter of the suit after the suit has been ended by judicial determination or by settlement, but the fund must have been the prospective subject-matter of a contingent fee agreement and must have come into existence. Typical suits of this character are where attorneys proceed against their clients to have their clients account for and pay over to the attorney his share of the fund which the client has received and in which the attorney has an interest. In such case the suit is against the client or against the assignee of the fund to impress the attorney's right of lien to the fund. No authority has permitted an attorney to maintain his client's chose of action in his own interest. It is against the policy of the law to permit this. Fischer-Hansen v. Brooklyn Heights R. Co., 173 N. Y. 492, 66 N. E. 395; In re Evans, 65 App. Div. 103, 72 N. Y. S. 495.

A contingent arrangement as to the payment of a fee did not make the attorney an absolute owner of any direct interest in the estate by such assignment of a distinct ·and separable part thereof. He was therefore not such a person who is interested in the estate itself, so as to entitle him to intervention and in his own name prosecute a suit for establishing an alleged interest in the estate. Holmes v. Evans, 129 N. Y. 140, 29 N. E. 233. It was held in the case of Holmes v. Evans that, although an attorney withdrew from the case expressly reserving his rights to compensation, he could have no recourse to the fund on the theory of being an equitable assignee. There it was pointed out the limits beyond which the courts will not go in assisting attorneys in the assertion of equitable assignments. An agreement to pay a certain sum out of that which one is entitled to receive from a designated fund, when received, does not operate as a legal or equita-. ble assignment, since the assignor in either case retains control of the subject-matter. Whether the debtor would be justified in paying the debt, or the portion contracted about, to the person claiming to be the assignee, is

the test. Fairbanks v. Sargent, 117 N. Y. 320, 22 N. E. 1039, 6 L. R. A. 475. And to pay a debt out of a designated fund does not give an equitable lien upon the fund, or operate as an equitable assignment thereof. Thomas v. N. Y. & Greenwood Lake Ry. Co., 139 N. Y. 163, 34 N. E. 877. The appellant is not a legal assignee, and as an alleged equitable assignee he may not alone maintain this suit against the appellees. He cannot do so without his client, who is a necessary party. No error was committed in dismissing the bill.

Decree affirmed.