## FLAGLER v. SPELLMAN.

(Circuit Court of Appeals, Second Circuit. November 1, 1926.)

No. 27.

**1. Cancellation of Instruments ⬤⟳55—Plaintiff in suit to cancel alleged champertous contract held not entitled to decree establishing defenses at law to action for services, or doing more than clearing her title to property on which attorney was asserting lien.**

Plaintiff in suit to cancel an alleged champertous and unconscionable contract with attorney, and to enjoin attorney from asserting any claim or lien to plaintiff's interest in her husband's estate, *held* not entitled, in such suit, to a decree establishing her defenses at law to action for services, or doing more than clearing her title to her interest in estate involved.

**2. Quieting title ⬤⟳2.**

At common law there could be no bill quia timet, except for land or incorporeal hereditaments, though jurisdiction in such cases has been extended to include interests in personalty by Judicial Code, § 57 (Comp. St. § 1039).

**3. Attorney and client ⬤⟳174.**

Suit to enjoin attorney from asserting lien, under alleged champertous contract, on estate, *held* controlled by law of state where testator was domiciled, and where his personal estate had its situs.

**4. Attorney and client ⬤⟳76(1).**

Under New York law, client is free at all times to revoke a retainer and dismiss his attorney.

**5. Attorney and client ⬤⟳76(1).**

Rule as to client's right at any time to dismiss attorney does not apply to contracts to serve as a general legal adviser for a specific term.

**6. Attorney and client ⬤⟳76(1).**

Attorneys from other states, practicing in New York, are subject to the law of that state, entitling client to dismiss attorney at any time.

**7. Attorney and client ⬤⟳176—Client held entitled to decree declaring interest in estate free from attorney's lien, and to injunction against assertion of such lien.**

Client, after dismissing attorney employed under contract by which he was to receive one-half of whatever he recovered for plaintiff out of estate of her husband, *held* entitled to decree declaring her interest in such estate free from any lien of attorney, and to injunction restraining assertion of any such lien.

**8. Courts ⬤⟳347—Counterclaim on quantum meruit for attorney's services held improper, under equity rules, in suit to cancel alleged champertous contract and enjoin attorney's assertion of lien.**

In client's action to cancel alleged champertous contract and to enjoin attorney's assertion of lien on plaintiff's interest in estate, counterclaim on quantum meruit for services rendered *held* improper, under equity rules, being on a cause of action at law.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Beatrice W. Flagler against Clarence I. Spellman, wherein defendant filed counterclaim. From a decree for plaintiff in the main action, and dismissing the counterclaim on the merits, defendant appeals. Reversed and remanded, with instructions.

On appeal from a decree of the District Court for the Southern District of New York adjudging a contract between the parties champertous, and dismissing the defendant's counterclaim on the merits.

The bill alleged that the plaintiff and the defendant, a Missouri lawyer, had on September 16, 1922, entered into a written contract in New York, which stipulated that the defendant should take charge of all negotiations and litigations respecting the plaintiff's interests in the estate of her deceased husband, and that she should retain him as her lawyer; that the defendant should employ and pay "all counsel and legal aid" and should not charge the plaintiff therefor; that any sums which he should so advance, other than counsel fees, should "be restored" to him out of any sums recovered through his efforts; that he should receive as his full pay one-half of any recovery he should secure after his outlay was deducted, and that the plaintiff should execute all necessary deeds which might vest in him one-half of her interest so recovered, if the same were received in kind.

The bill alleged that this contract was unconscionable and champertous, and that the plaintiff dismissed the defendant from his retainer about a year after its execution, and before he had recovered anything for her through his services; that he had laid claim

with her husband's executors to a lien, or equitable interest, in her share of the estate, and while this claim had proved unsuccessful when asserted in a suit against the executors, still the contract obstructed her in the assertion and enforcement of her interests in the estate. It prayed that the contract be canceled and surrendered as champertous and unconscionable, that the defendant be declared to have no claim against her under it or for any services rendered, and that he be enjoined from collecting any part of the interests of the plaintiff in her husband's estate.

The answer admitted the execution of the contract and the substantial allegations of the bill, except those which characterized the contract as champertous and void, and concluded with a long counterclaim. This it is not necessary to set out at length. It suffices to say that it alleged the performance of services under the written contract, and a similar oral agreement made in October, 1922, and prayed judgment as upon a quantum meruit for services rendered, or in the alternative, for specific performance of the two agreements by bills of sale, conveying a one-half interest in the plaintiff's share of her husband's estate.

The plaintiff moved for a decree upon the pleadings which the District Court granted to the extent of declaring the written agreement "champertous and unlawful," and dismissing the counterclaim upon the merits.

Charles A. Boston and Merle I. St. John, both of New York City, for appellant.

Max Levy, of New York City, for appellee.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). [1, 2] The case seems to us in narrow compass, and most of the questions argued at the bar we do not find it necessary to discuss. The first question is of the equity of the bill, which can lie, if at all, only as a bill quia timet. Plainly the plaintiff may not have a decree establishing in this suit her defense at law to an action for services rendered under the contract. At common law there could indeed be no bill quia timet except for land or incorporeal hereditaments, but section 57 of the Judicial Code (Comp. St. § 1039) extends the jurisdiction of the District Court in such cases to include interests in personalty. Jellenik v. Huron Copper Co., 177 U. S. 1, 20 S. Ct. 559, 44 L. Ed. 647. The plaintiff may therefore secure a decree upon a proper showing to clear her title to any legacies under her husband's will or to her distributive share in his personal estate, but she may get nothing more.

[3-5] To dispose of so much of the bill as we have indicated, it is not necessary to pass upon the validity of the contract of September 16, 1922. We have only to decide as to its effect upon the plaintiff's interests, and this depends upon the law of New York where the testator was domiciled, and where at least his personal estate had its situs. Under the law of that state a client is free at all times to revoke a retainer and to dismiss his attorney ("discharge" him in the language of the New York cases). Andrewes v. Haas, 214 N. Y. 255, 108 N. E. 423, 3 A. L. R. 458; Martin v. Camp, 219 N. Y. 170, 114 N. E. 46, L. R. A. 1917F, 402; In re City of New York, 219 N. Y. 192, 114 N. E. 49. That right does not, it is true, apply to contracts to serve as a general legal adviser for a specified term. Greenberg v. Remick, 230 N. Y. 70, 129 N. E. 211. But such is not the case at bar. Our decision in Spellman v. Bankers' Trust Co. (C. C. A.) 6 F.(2d) 799, is directly in point in this aspect of the case.

Performance, which in this case involved some recovery through the defendant's efforts, was a condition precedent upon the plaintiff's promise to pay the defendant one-half of what she received. The lien was subject to the same condition as the promise. Indeed, the written contract does not in express terms give any lien at all, and the oral agreement set up in the counterclaim is for a lien only for one-half of the amount recovered. After his dismissal the defendant was of course unable to recover anything, and both the promise and the lien could never mature. All this follows from the unconditional right of the client at any time to dismiss the attorney, an inevitable incident in the relation and in the attorney's professional status.

[6] It is quite true that the law so laid down has been applied only in cases of attorneys admitted to practice in the state, but the considerations which dictate it are equally applicable to attorneys from other states who come within the state upon an occasional retainer. If the state permits so much, which we do not mean to question, it is upon the same implicit terms as it imposes for the protection of its citizens and the proper discipline of its own officers.

[7] Hence it follows that, regardless of the validity of either contract, the defendant has no lien upon the plaintiff's legacies or distributive share. She is entitled on the admitted facts to such a declaration, and to an injunction which shall protect her from its future assertion, but she is entitled to no more.

[8] As to the counterclaim, we need only say that, in so far as it prays specific performance of the agreements to convey, it must fail for the reasons just given. So far as it asks judgment on a quantum meruit for services rendered, it is upon a cause of action at law, and as such it is not a proper counterclaim under the equity rules. American Mills Co. v. American Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306.

The decree is reversed, and the cause remanded, with instructions, as regards the plaintiff's bill, to declare that the defendant has no lien upon, or interest in, any of the legacies bequeathed to the plaintiff in the will of her husband, or upon or in her distributive share of his personal estate, arising under the statutes of New York, to enjoin the future assertion of any such lien or interest, and to dismiss the bill in other respects. As regards the counterclaim, to dismiss it upon the merits, so far as it prays specific performance of the written agreement of September 16, 1922, or the oral agreement of October, 1922, and in other respects to dismiss it without prejudice. There will be no costs in either court.