CHARLES D. MOYER *vs.* CASPER CANTIENY.

July 15, 1889.

**Contract to Secure Pardon—Legality.**—A contract for services in secur-
ing a pardon of one convicted of crime is not illegal, if the employment
of improper methods is not contemplated.

**Same—Contract by Attorney-at-Law at Agreed Price.**—A contract
with an attorney-at-law that the latter shall endeavor to secure a pardon,
and that if successful a stipulated sum shall be paid for his services, is
not in itself illegal.

**Same—Employment of Other Persons.**—The right to recover the agreed
sum is not affected by the fact that other persons were also afterwards
employed, whose services may have contributed to the result.

**Same—Discharge of Attorney—Recovery of Agreed Price.**—A recov-
ery may be had of the stipulated price, although before the plaintiff's ef-
forts were concluded the defendant assumed to discharge him from the
service.   The plaintiff was entitled to the benefit of the contract, and the
entire compensation agreed upon for the entire service was not appor-
tionable.

Appeal by defendant from an order of the municipal court of Min-
neapolis, refusing a new trial after verdict of $202.25 for plaintiff.

*Robinson & Baker*, for appellant.

*J. L. Dobbin*, for respondent.

DICKINSON, J.   The plaintiff is an attorney-at-law.   The action is
for the recovery of an alleged stipulated compensation for services
in procuring the pardon of the defendant's son, who was imprisoned
for a term of years in the state penitentiary.   The appellant's con-
tention, that the court should declare the contract to have been ille-
gal, cannot be sustained.   The presumption of law is in favor of the
legality of contracts, and, the object sought to be accomplished being
lawful, unless it affirmatively and distinctly appears that it was con-
templated that means were to be resorted to for its accomplishment
which the law would not sanction, the courts cannot declare the con-
tract invalid.   There was nothing unlawful or opposed to public
policy in simply employing the plaintiff to endeavor, by proper means,
to secure a pardon.   *Chadwick* v. *Knox*, 31 N. H. 226, (64 Am. Dec.

329;) *Formby* v. *Pryor*, 15 Ga. 258; *Bremsen* v. *Engler*, 49 N. Y. Super. Ct. 172. The grounds upon which the constitutional power to pardon may be exercised are not defined in the constitution; but among the considerations which might properly be brought to the attention of the governor, and influence his action, are some which suggest the propriety of employing the professional services of an attorney for this purpose, and from the mere fact of an attorney being employed to solicit the pardon of a convict it is not to be legally inferred that an unlawful course of conduct was intended. For instance, it would be proper, and often expedient, that an attorney-at-law examine the case upon which the conviction was based, to see whether, notwithstanding the final judgment of the law, the case may not be of such a nature as to justify the exercise of the extraordinary power of pardon. He may direct investigations to the discovery of facts bearing upon the question of guilt, not discoverable at the time of the trial. The attention of prosecuting officers and of the judge who tried the cause may be directed to newly-discovered facts, or to any of the circumstances of the case, and their recommendation in favor of a pardon may be sought. Whatever considerations may properly affect the action of the executive may be urged upon his attention. Even if there was any evidence in this case which would have justified the conclusion, as a matter of fact, that political influence, or any unlawful means, were expected to be exerted for the accomplishment of the end in view, no case was presented justifying the court in so declaring as a matter of law.

The evidence justified the conclusions that the plaintiff employed the defendant to endeavor to secure a pardon, agreeing to pay him $200 in the event that he was successful; that the plaintiff's services were directed to that end; and that they were largely, if not chiefly, instrumental in securing that result. The pardon was granted, nor does it appear that any improper means were employed for that purpose. It is immaterial that other persons were also employed by the defendant, after the making of the contract, whose exertions may have contributed to the result. There was no impropriety in showing directly, by the testimony of Gov. McGill, that what the plaintiff had done in the case had influenced his action.

The charge, as a whole, was not subject to exception upon the ground that it indicated that the plaintiff might recover upon his contract without having performed it on his own part. Those parts of the charge referred to in the ninth and tenth assignments of error are not subject to the objections presented in the appellant's brief. If the contract was unjustifiably broken, by the defendant declaring that he did not desire the plaintiff to continue his efforts to secure a pardon, the plaintiff was still entitled to recover, and the stipulated compensation was the proper measure of his recovery. He was entitled to the benefits of this particular contract, and not merely to recover the value of such services as he had then rendered, estimated without regard to the agreed compensation. Just what he would be required to do to accomplish the contemplated result, the extent of the service that might be involved, was indefinite and uncertain when the contract was entered into. It might prove to be more or less than was then anticipated. He assumed the risk of that, and the stipulated compensation, contingent upon his success, was the consideration. This agreed and entire price was not for doing this or that specific thing, but for doing all that should be done to secure the result. If, upon the eve of success, or at any time after the plaintiff entered upon the undertaking, the other party assumed to put an end to the contract, it would be impossible to justly measure the plaintiff's damages by any apportionment of the sum agreed upon. He was not only entitled to compensation for what he had done, measured by the nature and terms of the contract, but he was entitled either to be allowed to perform it, and thus to secure the agreed sum, or else to be indemnified for not being allowed to do so. It might be that what he had already done was sufficient, and that, without other efforts the pardon would have been granted, although he did not in fact cease his efforts. In any view of the case, no other reasonable and adequate measure of damages could have been applied than the stipulated compensation.

Order affirmed.