HAROLD A. ANDREWES, Appellant, *v.* ALBERT HAAS et al., Copartners under the Firm Name of HAAS BROTHERS, Respondents.

Attorney and client — client is not obligated to continue law-suit nor is he liable for a contingent fee upon abandoning such action.

The employment of a lawyer to serve for a contingent fee does not make it the client's duty to continue the lawsuit. Hence a lawyer cannot recover the profits that would have come to him if his client, who settled a cause, had pressed it to a successful conclusion. When the client abandons the action he becomes liable for the value of the services then rendered, and that is the measure of the liability of the client and of the right of the lawyer.

*Andrewes* v. *Haas*, 160 App. Div. 421, affirmed.

(Argued January 21, 1915; decided February 25, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 18, 1914, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Harold A. Andrewes,* appellant, in person. The complaint is on contract and its sufficiency should be tested as such. (*Jacquelin* v. *M. J. Assn.*, 39 App. Div. 515; *Barney* v. *Fuller*, 133 N. Y. 605; *Boyd* v. *Dailey*, 85 App. Div. 581; 176 N. Y 613; *Ware Bros.* v. *C. C. Co.*, 192 N. Y. 439; *Keteltas* v. *Myers*, 19 N. Y. 231.) When performance has been prevented by the other party the measure of damages is the sum agreed to be paid in the event of complete success. (*Maine* v. *Haight*, 14 Barb. 76; *Smith* v. *Gugerty*, 4 Barb. 614; *Taylor* v. *Bullen*, 6 Cow. 624; *United States* v. *Behan*, 110 U. S. 338; *Griggs* v. *Day*, 158 N. Y. 1; *Masterson* v. *Mayor, etc.*, 7 Hill, 61; *Gifford* v. *Waters*, 67 N. Y. 80; *Dart* v. *Laimbeer*, 107 N. Y. 664; *Ware Bros.* v. *C. C. Co.*, 192 N. Y. 439; *Marsh* v. *Holbrook*, 3 Abb. Ct. App. Dec. 176.) An attorney has the same contract rights as other professional men. Compensation for his services is governed by agreement, expressed or implied, which is not restrained by law. (*Matter of Fitzsimmons*, 174 N. Y. 15; *Ransom* v. *Ransom*, 70 Misc. Rep. 34; *Peri* v. *N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 521; *Fischer-Hansen* v. *B. H. R. R. Co.*, 173 N. Y. 492; *Morehouse* v. *B. H. R. R. Co.*, 185 N. Y. 520; *Marsh* v. *Holbrook*, 3 Abb. Ct. App. Dec. 176; *Lawson* v. *Bachman*, 81 N. Y. 616; *Matter of Robbins*, 189 N. Y. 422; *Carlisle* v. *Barnes*, 102 App. Div. 573; *Matter of Alpers Realty Company*, 140 App. Div. 278; *Carey* v. *Grant*, 59 Barb. 574; *Graut* v. *Langley*, 34 Misc. Rep. 776; *Werner* v. *Knowlton*, 107 App. Div. 158; *Mt. Vernon* v. *Patten*, 94 Ill. 65; *Millard* v. *County of Richland*, 13 Ill. App. 533.)

*Louis B. Eppstein* and *Harry Rosenberg* for respondents. The complaint herein wholly failed to state facts sufficient to constitute a cause of action. (Code Civ. Pro. § 481, subd. 2; *Sampson* v. *Grand Rapids School Co.*, 66 N. Y. Supp. 815; *Soparks* v. *Ducas*, 108 N. Y. Supp. 546; *Mitchel* v. *Dunmore Realty Co.*, 113 N. Y. Supp. 659; *Tate* v. *American Woolen Co.*, 114 App. Div. 106; 99 N. Y. Supp. 678; *Poland* v. *Hollander*, 115 N. Y. Supp. 1044; *A. E. Nat. Bank* v. *Goubert*, 135 App. Div. 374.) A client has the right at any time, arbitrarily, to discharge his attorney. (*Tusk* v. *Hastings*, 1 Hill, 656; *Tenney* v. *Berger*, 93 N. Y. 524; *Angelos* v. *Bank for Savings*, 74 Misc. Rep. 394; *Roake* v. *Palmer*, 103 N. Y. Supp. 862; *A. C. Co.* v. *Dillon*, 97 N. Y. Supp. 1081; *Matter of Robbins*, 112 N. Y. Supp. 1032; *Badger* v. *Allen*, 58 N. Y. Supp. 653; *Johnston* v. *Rabbage*, 99 N. Y. Supp. 1062; *Matter of Prospect Ave.*, 85 Hun, 257; *Vincent* v. *Nassau County*, 92 N. Y. Supp. 32; *O'Sullivan* v. *Met. Street Ry. Co.*, 79 N. Y. Supp. 481; *Matter of Dunn*, 205 N. Y. 328.) Public policy prohibits an attorney from acquiring such an interest in his client's cause of action as will prevent the client from in good faith settling the litigation or abandoning it. (*Matter of Snyder*, 190 N. Y. 69; *Lee* v. *Oil Co.*, 126 N. Y. 579; *Fischer-Hansen* v. *B. H. R. R. Co.*, 173 N. Y. 492.) Where an attorney, employed under a special contract, by which his compensation is fixed at a percentage of the recovery, is discharged without cause, he is entitled to receive: 1. Where a recovery has actually been had in the litigation in which he was employed, the value of his contract at the time of his discharge, as fixed by such recovery; 2. Where no recovery has ever been had in the litigation in which he was employed, the reasonable value of the services actually rendered by him up to the time of his discharge. (*Matter of Dunn*, 205 N. Y. 328; *Maines* v. *Haight*, 14 Barb. 76; *Smith* v. *Guyerty*, 4 Barb. 614; *Taylor* v. *Bond*, 6 Cow. 624; *Lee* v. *Vacuum*

17

*Oil Co.*, 126 N. Y. 579; *Carlysle* v. *Barnes*, 102 App. Div. 573; *Marsh* v. *Holbrook*, 3 Abb. Ct. App. Dec. 176; *Matter of Robbins*, 189 N. Y. 422; *Lawson* v. *Bachman*, 81 N. Y. 616; *Matter of Alpers Realty Co.*, 140 App. Div. 278; 3 Sutherland on Damages, 2043.)

CARDOZO, J. The plaintiff is a member of the bar. He complains that the defendants refused to prosecute an action in which they had retained him as their lawyer. The agreement was, he says, that they would sue for $180,000, and pay him twenty-five per cent of the amount recovered. He drafted a complaint for them, but there the action stopped. The defendants refused to go on with it. They were advised and became convinced, as they now allege in their answer, that the action was without merit. Because of their refusal to proceed with it the plaintiff says that they owe him $45,000. In opening his case he declined to prove the value of his services up to the time when the case was halted; he took his stand upon the ground that he was entitled to the profits that would have come to him if his clients had pressed the case to a successful conclusion. At the close of his opening the complaint was dismissed.

The employment of a lawyer to serve for a contingent fee does not make it the client's duty to continue the lawsuit and thus increase the lawyer's profit. The lawsuit is his own. He may drop it when he will. Even an express agreement to pay damages for dropping it without his lawyer's consent, would be against public policy and void. (*Matter of Snyder*, 190 N. Y. 66, 69.) The law will not imply an agreement which would be illegal, if it were express. It will not, under the coercion of damages, constrain an unwilling suitor to keep a litigation alive for the profit of its officers. (*Tenney* v. *Berger*, 93 N. Y. 524; *Matter of Dunn*, 205 N. Y. 398, 402; *Nutt* v. *Knut*, 200 U. S. 12, 21; *Mesa County Bank* v. *Berry*, 24 Colo. App. 487.) The notion that such a thing is

possible betrays a strange misconception of the function of the legal profession and of its duty to society. When the defendants abandoned the action, they became liable to the plaintiff for the value of the services then rendered. That is the measure of their liability and of his right.

We have been referred to cases where clients, after retaining a lawyer for a contingent fee, have continued the litigation through another lawyer, and have been held answerable in damages. (*Martin* v. *Camp*, 161 App. Div. 610; *Carlisle* v. *Barnes*, 102 App. Div. 573.) We are not required at this time either to approve or to condemn those rulings. They have not passed unchallenged. (*Martin* v. *Camp, supra; Johnson* v. *Ravitch*, 113 App. Div. 810.) In those cases, and in others like them, the clients went on with the lawsuit. Here they abandoned it. We refuse to hold that they were bound to pay their lawyer as if they had gone on with it and won it.

The plaintiff's claim is without merit. The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CUDDE-BACK, MILLER and SEABURY, JJ., concur.

Judgment affirmed.