## WALTER N. SOUTHWORTH AND ANOTHER v. OLE ROSENDAHL.[1]

July 7, 1916.

No. 19,830—(206).

**Attorney and client — settlement by client — contingent fee not payable.**

1. The relation of attorney and client does not preclude the latter from settling and compromising the matters in litigation in his own way, and without the knowledge or consent of the attorney, and by so doing he does not subject himself to the payment to the attorney of a contingent fee agreed upon in case of the successful outcome of the case.

**Same — reasonable value of services recoverable.**

2. Where the client exercises his legal right to settle with his adversary, in good faith and without purpose to defraud the attorney out

[1]Reported in 158 N. W. 717.

Note.—As to rights and remedies of attorney employed on contingent fee whose client compromises cause of action without his consent before action brought, see note in 45 L.R.A.(N.S.) 750.

of his compensation, the latter may recover only the reasonable value of the services rendered by him down to the time of the settlement.

Action in the district court for Scott county by Walter N. Southworth and F. J. Leonard to recover $10,000 for services as attorneys and counselors at law. The case was tried before Morrison, J., and a jury which returned a verdict in favor of defendant. From the order denying their motion for a new trial, plaintiffs appealed. Affirmed.

*W. N. Southworth* and *F. J. Leonard, pro se.*

*Joseph J. Moriarty* and *W. H. Leeman,* for respondent.

BROWN, C. J.

The facts in this case, though in some respects disputed or left in doubt by the evidence, may for the purposes of the decision be conceded to be substantially as follows: Defendant was the owner of certain real property, the title to which was somewhat involved, the particulars with respect to which are immaterial, and certain litigation was pending in the courts concerning the same in which he was plaintiff. Plaintiffs in this action, attorneys at law, were retained by him to take charge of and conduct the litigation in his behalf, and to institute such other or further actions or proceedings as the attorneys should deem necessary to the protection of his rights in and to the property. Plaintiffs claim that at the time of such retainer it was expressly agreed that, if successful in the litigation, they should receive and defendant would pay them as and for their compensation the sum of $10,000; but if they failed in their efforts to clear up defendant's title they should receive no compensation at all. The property involved was valued at about $100,000. There is no controversy in the evidence as to the employment of plaintiffs to conduct the litigation, though defendant denied that he agreed to pay them $10,000 if they were successful in the suit. But, for the purposes of the case, we assume that he did so agree. Subsequent to the retainer plaintiffs rendered certain services in the pending action, the nature and extent of which do not fully appear and are not important. Thereafter and without notice to plaintiffs or either of them, defendant amicably settled and compromised the matter in litigation with the adverse party, and the litigation was thus brought to an end, dispensing with the further services

of plaintiffs. Plaintiffs then brought this action to recover the amount of the agreed compensation, namely, $10,000. A verdict was returned for defendant and plaintiffs appealed from an order denying a new trial.

The assignments of error challenge certain rulings of the court in the admission and exclusion of evidence, and certain parts of the charge to the jury, but as our conclusion upon the main question involved is adverse to the right of plaintiffs to recover and completely disposes of the case on the merits, it becomes unnecessary to consider them. We therefore limit our consideration of the case to the question whether plaintiffs, under the facts stated, are entitled to recover upon the express contract, or whether their remedy is in *quantum meruit,* for the reasonable value of their services.

It is well settled that a client may, without the consent of his attorney, settle and compromise with his adversary all matters in litigation, in such manner and upon such terms as he may deem necessary for the protection of his interests. Boogran v. St. Paul City Ry. Co. 97 Minn. 51, 106 N. W. 104, 3 L.R.A. (N.S.) 379, 114 Am. St. 691; Paulson v. Lyson, 12 N. D. 354, 97 N. W. 533, 1 Ann. Cas. 245; 2 R. C. L. p. 1000, § 80, and p. 1080, § 171. No vested right of the attorney is violated or impaired, and the rule applies notwithstanding an express agreement with the attorney that he will not settle or compromise without his consent or approval. 6 C. J. p. 743, § 318; Huber v. Johnson, 68 Minn. 74, 70 N. W. 806, 64 Am. St. 456. The late Justice Mitchell tersely stated the rule in the case just cited as follows:

"The law favors the compromise of disputes without litigation, and it is difficult to conceive of any stipulation more against public policy than the one which prohibits a party from settling his own disputes, or at least prevents it, except by his subjecting himself to the payment of an arbitrary penalty for doing so; and this is the stipulation which plaintiff is seeking to enforce in this action. We think it is void as against public policy."

Plaintiffs do not question the rule, nor its application, and the case involves no controversy respecting the legal right of a client to settle his dispute with his adversary in his own way in all cases, and we have only to consider whether plaintiffs are entitled to the agreed compensation.

The authorities are not in harmony upon the question. It has been

133 M.—30.

held by some of the courts that where an attorney is employed for a particular litigated controversy with an agreement for a fixed compensation in the event of a successful termination of the case, and thereafter the client, without cause or justifiable reason, discharges the attorney and employs another who proceeds with the matter to a successful end, the attorney is entitled to the agreed compensation. Moyer v. Cantieny, 41 Minn. 242, 42 N. W. 1060; Brodie v. Watkins, 33 Ark. 545, 34 Am. Rep. 49; Webb v. Trescony, 76 Cal. 621, 18 Pac. 796; Kersey v. Garton, 77 Mo. 645; 2 Thornton, Attorneys at Law, §450. This doctrine finds support and in fact is founded upon the general principle of liability where one party to an executory contract wrongfully prevents the other from performing the same. But the rule can have no application to the case at bar, for there was no wrong as against plaintiffs in the act of defendant in compromising the matters in dispute with the adverse party. Plaintiffs' contract of employment was subject to an exercise of that right by defendant. The Cantieny case, supra, upon which plaintiffs to some extent rely, is not controlling, for there the attorney was discharged by the client, and the case was thus brought within the general rule of liability just referred to. There are, however, authorities which directly support the contention that the attorney is entitled to the agreed compensation in the case of a settlement by the client as well as in the case of a wrongful discharge of the attorney. Cheshire v. Des Moines City Ry. Co. 153 Iowa, 88, 133 N. W. 324; and authorities cited in 2 Thornton, Attorneys at Law, § 456. The theory supporting the decisions so holding is that by the settlement the client waives full performance by the attorney, entitling him to the agreed compensation. But that theory of the law is not supported by the weight of authority. 2 Thornton, Attorneys at Law, § 457; French v. Cunningham, 149 Ind. 632, 49 N. E. 797; Western Union Tel. Co. v. Semmes, 73 Md. 9, 20 Atl. 127; Harris v. Root, 28 Mont. 159, 72 Pac. 429; Duke v. Harper, 8 Mo. App. 296; In re Snyder, 190 N. Y. 66, 82 N. E. 742, 14 L.R.A.(N.S.) 1101, 123 Am. St. 533, 13 Ann. Cas. 441. It is not in harmony with the trend of our own decisions upon the subject. In Gammons v. Johnson, 69 Minn. 488, 72 N. W. 563, a case involving a settlement by the client without the consent of the attorney, it was held that the attorney was entitled to recover the reasonable value of his services but could not recover the agreed compensa-

tion. The contract there before the court was held void, as champertous, but that fact does not change the rule made the basis of the decision. We have also held that, where the settlement is made in good faith and without purpose to defraud the attorney, the amount of the settlement may be taken as the basis for the computation of the attorney's agreed per cent of the recovery. Davis v. Great Northern Ry. Co. 128 Minn. 354, 356, 151 N. W. 128. The rule is otherwise where the settlement was fraudulent, and with a purpose of cheating the attorney out of his fees. Desaman v. Butler Bros. 118 Minn. 198, 136 N. W. 748, Ann. Cas. 1913E, 642. It is a rule of general application, applied by this court, that in executory contracts either party has the power to arrest performance by specific directions to that effect, thereby subjecting himself to damages as for a breach of contract. Gibbons v. Bente, 51 Minn. 499, 53 N. W. 756, 22 L.R.A. 80; 3 Notes on Minn. Reports, 875. The contract involved in that case was one between laymen, but that is not a differentiating fact, for the general principles of the law of contracts apply to transactions between attorney and client, as well as between other persons. Logically considered these various decisions are on principle opposed to plaintiffs' contention, though they do not reach the precise point of the case. But we think that the precise point was reached, and the foundation of the rule limiting the attorney to the reasonable value of his services disclosed, in the reasons given for the decision in Huber v. Johnson, 41 Minn. 242, 42 N. W. 1060. The contract in that case contained a stipulation prohibiting a settlement by the party in interest, and a further stipulation imposed upon him, in the event he did settle the matter, an arbitrary amount to be paid the other party without regard to the value of services rendered by him. The court held the contract void as against public policy, that the attorney could not recover the agreed compensation, and the ruling is supported by practically all the authorities upon facts similar to those there presented. If a contract of that kind be void as against public policy, because it subjects the party to a penalty for exercising a legal right, the exercise of which the law approves and encourages, there would seem slight basis for a rule of law which would subject the party to the same penalty for exercising the same right in the case where there was no stipulation prohibiting its exercise. A decision that would award the penalty in such case would be not only inconsistent but flatly contra-

dictory of the rule applied in the Huber case, a rule which finds general support in the books. 6 C. J. p. 745, § 321; Ibert v. Aetna Life Ins. Co. 213 Fed. 996; Pratt v. Kerns, 123 Ill. App. 86; Ellwood v. Wilson, 21 Iowa, 523; Henry v. Vance, 111 Ky. 72, 63 S. W. 273; Polsley & Son v. Anderson, 7 W. Va. 202; French v. Cunningham, 149 Ind. 632, 49 N. E. 797. The fact that in actions for the recovery of money the amount of the settlement is made the basis of measuring the agreed per centum fee of the attorney in no way conflicts with the theory that his compensation in a case of this kind should be measured by the reasonable value of the services rendered. This is not a percentage agreement, but one for a fixed amount in an action involving rights and interest in real property, and the rule of *quantum meruit* is appropriately applicable. Western Union Tel. Co. v. Semmes, 73 Md. 9, 20 Atl..127; Duke v. Harper, 8 Mo. App. 296. Nor does the further fact, appearing in the case at bar, that the parties agreed that the property involved in the litigation was worth the sum of $100,000 in any proper view change the rule.

This covers the case on the merits. Plaintiffs cannot recover the agreed compensation. They are limited to the reasonable value of their services, which cannot be recovered in this action, for the complaint is not so framed. Yet the judgment to be rendered herein will not defeat a subsequent action therefor. Leonard v. Schall, 132 Minn. 446, 157 N. W. 723.

Order affirmed.