## DANIEL W. LAWLER v. FRANK J. DUNN.[1]

### April 1, 1920.

### No. 21,494.

**Attorney and client — cancelation of contract by client.**

1. A contract of employment between attorney and client may be canceled by the client at any time with or without cause.

**Discharge of attorney without cause — quantum meruit.**

2. The discharge of an attorney without cause, does not constitute a breach of contract, because it is an implied term of such contract that he may do so, and in such case the attorney may recover only the reasonable value of the services which he has rendered.

[1] Reported in 176 N. W. 989.

**New trial — submission of question to jury erroneous.**

3. It was error to submit to the jury, under the circumstances of this case, the question of damages for breach of contract, for which a new trial must be granted.

Action in the district court for Ramsey county to recover $2,500 for breach of contract. The case was tried before O. B. Lewis, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,000 less $105.10. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Morphy, Bradford & Cummins,* for appellant.

*H. P. Keller* and *Lawler & Mulally,* for respondent.

QUINN, J.

The plaintiff is a lawyer residing in the city of St. Paul. The action is for the recovery of damages for an alleged breach of contract of employment. The defendant resided in the city of St. Paul, and in 1917 was indicted by the grand jury of Ramsey county charged with the crime of murder in the first degree. He employed plaintiff to defend him. Plaintiff contends that it was agreed that defendant should pay him the sum of $3,000 for trying his case before the jury in the district court, and, in the event of a conviction he should pay the reasonable value of plaintiff's services in making a motion for a new trial and appeal to the supreme court, while the defendant insists that, under his contract with the plaintiff he was only required to pay $3,000 for the trial in the district court, and that there was no agreement as to any services to be rendered thereafter. The fee of $3,000 was paid prior to the trial. Plaintiff and his law firm took charge of defendant's case and tried the same in the district court. There was a verdict of guilty. It appears from the testimony that during the trial, and subsequent to the coming in of the verdict, plaintiff, as well as other members of his law firm, made frequent visits to the defendant for consultation with reference to a motion for a new trial and appeal, and that the plaintiff stood ready to perform his part of the agreement of employment, and immediately after

the rendition of the verdict made the usual motion for a new trial and asked for a suspension of the execution of the sentence.

He contends that after he and his associates had rendered services to the defendant in connection with the motion for a new trial and appeal, and while so engaged therein, the defendant, without cause or justification, discharged the plaintiff and informed him that he had employed other attorneys and that he did not wish his further services. The plaintiff further contends that the reasonable value of the services of an attorney in making a motion for a new trial and prosecuting an appeal in said cause would be the sum of $2,500, and that he is entitled to recover that amount as damages from the defendant as for a breach of the contract.

The trial court submitted the case to the jury upon the theory that, if they found the contract to be as contended for by the plaintiff, and that the defendant discharged the plaintiff without cause and thereby breached the contract, the plaintiff would be entitled to recover, as damages, the contract price, that is, the reasonable value of the necessary services which he was engaged to perform in making a motion for a new trial and an appeal.

It is conceded by counsel that a client may discharge his attorney in a case like the one here in question, at any time, either with or without cause. But it is contended by plaintiff that, where the client discharges the attorney without cause, he subjects himself to damages for the breach of his contract, and cites Horn v. Western Land Assn. 22 Minn. 233, and Moyer v. Cantieny, 41 Minn. 242, 42 N. W. 1060, in support of his contention. We do not think these cases are in point. The first case cited was an action brought by an attorney to recover a stipulated retainer for one year, and not to recover damages for a breach of contract, and it was held that, under the nature of the employment and the character of the services to be rendered, the attorney was entitled to recover the stipulated amount. The Moyer case, if not in conflict with the later case of Southworth v. Rosendahl, 133 Minn. 447, 158 N. W. 717, 3 L.R.A. 468, is not in point. That was an action on a contract and not one for damages for a breach thereof, as will be observed by an examination of the record. But insofar as that case holds, or may be construed as holding, that an attorney, when either rightfully or wrong-

fully discharged by his client, may recover damages as for a breach of the contract of employment, and is not limited to the reasonable value of his services, it is overruled.

The right of a client to discharge his attorney at his election, with or without cause, is universally recognized by the authorities. Thornton, Attorneys at Law, § 143; Crosby v. Hatch, 155 Iowa, 312, 135 N. W. 1079; Gage v. Atwater, 136 Cal. 170, 68 Pac. 581; Carver v. U. S. 7 Ct. Cl. 499; In re Paschal, 10 Wall. 483, 19 L. ed. 992. If the client has the right to terminate the relation of attorney and client at any time without cause, then the contract differs from an ordinary contract of employment in that one of the parties thereto may put an end to the same, whether agreeable to the other party or not. If the client has this right as an implied condition of the contract under the law, it follows as a natural consequence that he cannot be compelled to pay damages for exercising that right which his contract gives him.

In Martin v. Camp, 219 N. Y. 170, 174, 176, 114 N. E. 46, L.R.A. 1917F, 402, a leading case upon the subject, it is said:

."If in such a case the client can be compelled to pay damages to his attorney for the breach of the contract, the contract under which a client employs an attorney would not differ from the ordinary contract of employment. In such a case the attorney may recover the reasonable value of the services which he has rendered but he cannot recover for damages for the breach of contract. The discharge of the attorney by his client does not constitute a breach of the contract, because it is a term of such contract, implied from the peculiar relationship which the contract calls into existence, that the client may terminate the contract at any time with or without cause. * * * and it follows from this rule, by necessary implication, that if the client has the right to terminate the contract, he cannot be made liable in damages for doing that which under the contract he has a right to do. * * *

"The rule secures to the attorney the right to recover the reasonable value of the services which he has rendered, and is well calculated to promote public confidence in the members of an honorable profession whose relation to their clients is personal and confidential. What has been said declaratory of the rule that the attorney is limited to a recovery upon a quantum meruit does not relate to a case where the at-

torney in entering into such a contract has changed his position or incurred expense, or to a case where an attorney is employed under a general retainer for a fixed period to perform legal services in relation to matters that may arise during the period of the contract. The plaintiff's right of action is limited to a recovery for the reasonable value of services rendered."

We adopt the rule thus announced in Martin v. Camp, and hold that the trial court erred in submitting to the jury the question of damages for breach of contract for which a new trial must be granted. In this we are supported by the decision in Southworth v. Rosendahl, 133 Minn. 447, 158 N. W. 717, 3 L.R.A. 468, wherein it was held that the courts will not penalize a client for an exercise of the right given him by law to compromise and settle matters in litigation without consultation with or the consent of his attorney, whenever in his opinion that is the best course to pursue; and where he makes such settlement that the measure of the relief of the attorney is the reasonable value of his services, and not the amount agreed to be paid him upon a successful termination of the litigation. The rule should apply to a case where the client exercises his legal right to discharge his attorney whenever he deems it proper to do so.

Reversed.

HALLAM, J. (dissenting).

The decision in Moyer v. Cantieny, 41 Minn. 242, 42 N. W. 1060, seems to me decisive of the case at bar. In that case it was held that where an attorney has a contract to conduct a client's case he is "entitled either to be allowed to perform it, and thus to secure the agreed sum, or else to be indemnified for not being allowed to do so." We have quite recently approved this decision. Southworth v. Rosendahl, 133 Minn. 447, 158 N. W. 717. The weight of authority is with the conclusion reached in Moyer v. Cantieny, and against that reached in Martin v. Camp, 219 N. Y. 170, 114 N. E. 46, L.R.A. 1917E, 402, cited in the majority opinion. See 6 C. J. 724; 2 R. C. L. 1048; Scheinesohn v. Lemonek, 84 Oh. St. 424, 95 N. E. 913, Ann. Cas. 1912C, 737; Dorshimer v. Herndon, 98 Neb. 421, 153 N. W. 496; Sessions v. Warwick, 46 Wash. 165, 89 Pac. 482; Bartlett v. Odd Fellows' Sav. Bank, 79 Cal.

218, 21 Pac. 743, 12 Am. St. 139; Webb v. Trescony, 76 Cal. 621, 18 Pac. 796; Brodie v. Watkins, 33 Ark. 545, 34 Am. Rep. 49. In a note to Martin v. Camp, in L.R.A. 1917F, 406, it is said that the rule in that case, limiting recovery upon a breach by the client to the reasonable value of the services already performed, is not supported by the weight of authority. The reasons pro and con are fairly well balanced. I prefer to adhere to Moyer v. Cantieny, and to hold, as stated in the Southworth case, that "the general principles of the law of contracts apply to transactions between attorney and client, as well as between other persons."

DIBELL, J. (dissenting).

I concur with Justice Hallam.