### ROBERTSON v. NATIONAL SPIRITUALISTS' ASS'N OF THE UNITED STATES OF AMERICA.

#### No. 10441.

Court of Civil Appeals of Texas. Dallas.
Dec. 3, 1929.
Rehearing Denied March 8, 1930.

890

Currie McCutcheon, of Dallas, and William F. Robertson, of Austin, for appellant.

Mark A. Barwise, of Bangor, Me., Black & Graves, of Austin, and Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for appellee.

VAUGHAN, J.

Appellant, William F. Robertson, as plaintiff, filed his petition against appellee, the National Spiritualists' Association of the United States of America, a corporation, as defendant, in the court below, on the 3d day of April, 1925, wherein appellant sought to recover of appellee $7,500, with interest thereon from April 19, 1921, at the rate of 6 per cent. per annum, alleged to be due appellant by appellee upon a certain written contract dated May 15, 1919, duly executed and delivered to appellant, a licensed practicing attorney, and to the law firm of Ethridge, McCormick & Bromberg of Dallas, Tex., by appellee, acting by and through its president, George B. Warne, and said Warne acting for himself (he being designated in the last will and testament of John L. Jackson, deceased, as the executor of his will and estate); and that, under the terms thereof, appellant and said law firm were retained and employed by appellee and said Warne to represent said Warne in the prosecution of the proceedings necessary for the probating of said will; and that, under the terms of said contract, appellee and said Warne obligated themselves to pay to appellant and said Ethridge, McCormick & Bromberg, as compensation for services rendered and to be rendered under said contract, the sum of $2,500 in cash, which was duly paid, $2,500 when the litigation should reach the district court on appeal, or in the absence of such appeal said sum to be paid upon a conclusion of the proceedings to probate said will in the county court of Tarrant county, Tex. (which sum was paid on the appeal having been prosecuted to the district court of said county), and the further sum of $25,000 if and when said will should be probated by final judgment or decree in a court of competent jurisdiction.

In said contract appellee and said Warne were named as parties of the first part, and appellant and "said law firm" were named as parties of the second part. Following are the material provisions of said contract, necessary to be considered in disposing of this appeal:

"That the said parties of the second part, being duly and licensed practicing lawyers, do hereby covenant with the parties of the first part that they will diligently prosecute the application of George B. Warne as executor of the last will and testament of John L. Jackson, of date September 4, 1911, which has been propounded for probate in the Honorable, the County Court of Tarrant County, Texas, and that they will render all necessary services to effect the probate of said will in all of the courts in which the same may be contested or to which the same may be taken by appeal or writ of error.

"In consideration of said services rendered and to be rendered by the said parties of the second part, said parties of the first part do hereby covenant to pay the said parties of the second part, or the survivors of them, as follows: .

"Two Thousand Five Hundred Dollars ($2,500) cash, Two Thousand Five Hundred Dollars ($2,500) when the case reaches the District Court on appeal, should it be appealed, and should it not be appealed to the District Court by any contestant, then said Two Thousand Five Hundred Dollars ($2,500) to be paid upon the conclusion of the trial in said County Court. And should said parties of the second part finally succeed in having said will duly probate in a court of competent jurisdiction by a final decree, then the said parties of the first part agree and covenant thereupon to pay the said parties of the second part the further sum of Twenty-Five Thousand Dollars ($25,000)."

Appellant alleged that, within the mutual understanding and interest of the parties thereto, he was to receive one-half of all sums due and payable under said contract, and likewise, within such understanding, the opportunity to earn and receive payment of one-half of said $25,000, same being a material part of the consideration for the performance of the services to be rendered by parties of the second part under said contract at all stages of the litigation; that immediately after the making of said contract, appellant and F. M. Ethridge, of said law firm, diligently performed all services required of them thereby until on or about the 18th day of April, 1921, the litigation in reference to the probation of said will being at that time undisposed of in the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas; and that thereafter and at all times appellant was ready, willing, and able and desirous of performing all services necessary to secure the final probate of said will and would have performed such services, and would have secured such result, but for the wrongful act and breach of said contract by appellee; in the alternative appellant alleged that such probate would probably have been secured and thereby he would have been entitled to receive his due and proportionate part of the additional fee of $25,000, to wit, $12,500; that on or about the 18th day of April, 1921, appellee,

892

acting with said Warne on the one side, and those representing the interests in the matter of probating said will adverse to appellee, against the advice and consent and over the protest of appellant, agreed upon and consummated a so-called settlement of the litigation and matters involved in reference to the probating of said will, whereby appellee agreed to accept and would receive and accept $75,000 in cash, in consideration of which appellee and said Warne relinquished and released all rights to and interest in the properties included in the bequest made in said will, and thereby destroyed the action involved and terminated the litigation, thereby refusing to appellant further opportunity to cause said will to be finally probated, and appellee thereby wrongfully breached and repudiated said contract, to appellant's damage in the sum of $7,500, together with interest thereon from date at the rate of 6 per cent. per annum. Appellant further alleged that appellee paid to said law firm an additional fee of $10,000, on account of the consummation of and growing out of said compromise settlement, and that of said $10,000 he received the sum of $5,000; that allowing said sum of $5,000 as a credit upon the sum of $12,500, one-half of the additional fee of $25,000 contracted to be paid conditionally, there remained a balance due him of $7,500.

Of the lengthy answer filed by appellee, it is only necessary to quote the following from section 3 thereof: "That the application to probate the last will and testament of John L. Jackson, which was pending in the Probate Court of Tarrant County, Texas, at the time the contract sued upon was entered into, resulted in a judgment of said Probate Court denying and refusing said application. That as a result of the trial and hearing of the application to probate said will, the contest theretofore filed by the adverse parties was sustained, and judgment was accordingly entered in the County Court denying the application to probate said will. That thereafter an appeal was attempted to be prosecuted, by plaintiff and associate attorneys, representing the proponents of said will, to the District Court of Tarrant County. That after such purported appeal the issues were again tried in the District Court and there again resulted adversely to the plaintiff's clients. That from the purported judgments of the District Court of Tarrant County denying the application to probate said will, an appeal was taken, or attempted, to the Court of Civil Appeals. That while said proceeding was thus pending in the Court of Civil Appeals in and for the Fourth Supreme Judicial District of Texas at San Antonio, it was made known to said Court that no appeal bond had been given as required by law in the County Probate Court of Tarrant County, upon which the appeal to the District Court depended. Whereupon on or about the 13th day of April, 1921, an order was duly entered in and by said Honorable Court of Civil Appeals, dismissing the cause for want of jurisdiction: that as a result of said order and judgment of dismissal, the judgment of the County Court of Tarrant County, denying the application to probate said last will of John L. Jackson, deceased, was left undisturbed."

Trial of this cause was had on April 2, 1928, which resulted in a judgment in favor of appellee rendered on an instructed verdict, the review of which is properly before us at the instance of and on behalf of appellant.

In order to dispose of the case made by the uncontroverted facts developed and established by the testimony introduced by appellant, we find it only necessary to consider the following assignments of error, viz.:

"(1) The court erred in refusing to charge the jury, when requested by plaintiff in writing, to return a verdict in favor of plaintiff and against defendant for the amount sued for." And

"(2) The court erred in giving the jury peremptory instructions to return a verdict against plaintiff in favor of defendant, and in returning judgment against plaintiff on the verdict of the jury returned upon said peremptory instructions, the verdict and judgment being contrary to and not supported by the law and the evidence. The undisputed evidence shows that the defendant was justly and legally indebted to plaintiff in the sum of $7,500.00 with interest."

Following are the uncontroverted facts revealed by the record to have been established, namely: That one John L. Jackson, during his lifetime a resident of Tarrant county, Tex., died about the 19th day of April, 1919, in said county, leaving an estate of the approximate value of $500,000, composed of money, land, bank stock, and other securities situated in said Tarrant county and in other counties in said state; that said Jackson left what purported to be his last will and testament, whereby he devised and bequeathed to appellee, the National Spiritualists' Association of the United States of America, real and personal property, and the benefits thereof, of the reasonable value of $400,000. In said will, the person who should be president of said defendant corporation at the time and subsequent to the time of the death of said Jackson was made sole executor of such will; that at the time of the death of said Jackson one George B. Warne, of Chicago, Ill., was president of appellee corporation, and therefore became designated as the person selected by said Jackson to be the executor of said will; that about May 1, 1919, appellee, acting by and through its president, George B. Warne, and said Warne acting for himself, retained and employed appellant to file and present for probate in the county court of Tarrant county, Tex., an instrument of date September 4,

1911, purporting to be the last will and testament of the said John L. Jackson; that appellant introduced F. M. Ethridge, of the law firm of Ethridge, McCormick & Bromberg, of Dallas, Tex., to said Warne (now deceased), and that upon appellant's recommendation of said Ethridge, said law firm was employed by appellee and said Warne to assist appellant in the prosecution of the proceedings necessary to offer for and determine the right of said purported will to be probated as the last will and testament of said John L. Jackson; that the employment of appellant and said law firm and compensation they were to receive for their services rendered and to be rendered, as attorneys for appellee, are set out and contained in the contract dated May 15, 1919, supra; that by the terms of said instrument it was stipulated and agreed by and between the parties thereto that appellant and the other attorneys were employed to prosecute all the proceedings necessary to secure the probate of the instrument of date September 4, 1911, as the will of said Jackson; that appellee and said Warne bound and obligated themselves to pay appellant and said law firm for their legal services rendered and to be rendered, in addition to the fixed and certain fee of $5,000 to be paid in two installments of $2,500 each, the sum of $25,000, the payment of said sum being conditioned upon said will being duly admitted to probate in a court of competent jurisdiction by a final decree. The application to probate said will was presented by said attorneys before the honorable probate court of Tarrant county in July, 1919, and the probate thereof denied. From this judgment said attorneys essayed to prosecute an appeal for their client, George B. Warne, to the Forty-Eighth district court of Tarrant county, Tex. No appeal bond, as required by article 3699, R. C. S. 1925, was filed by said Warne. Said application to probate the instrument offered as the last will and testament of said Jackson was tried in said district court and resulted in a judgment denying the probate of same. From this judgment an appeal was prosecuted to the Court of Civil Appeals at Fort Worth, but on order of the Supreme Court, equalizing the dockets of the Courts of Civil Appeals, was removed to the Court of Civil Appeals at San Antonio.

On April 13, 1921, said appeal was dismissed on the grounds that appellant had not perfected his appeal from the judgment of the county court to the district court through the execution of an appeal bond, as required by law, and therefore the district court had not acquired jurisdiction over the matter determined by the judgment of the county court, so sought to be appealed from, and therefore the Court of Civil Appeals had no jurisdiction. For a full discussion of the questions presented by appellant's motion for the Court of Civil Appeals to dismiss the appeal, perfected from the judgment of the district court, see Warne v. Jackson, 230 S. W. 242, 243.

On or about April 18, 1921, said Warne and appellee, acting by and through Judge F. M. Ethridge (now deceased), made and entered into a settlement with Mrs. Sara A. Vestel Jackson and Robert Ingersoll Jackson, by which it was agreed that appellee should be paid the sum of $75,000 in full settlement of its claims under said instrument offered for probate, as the last will of said Jackson; that of said sum appellee was to receive $65,000 and appellant and the firm of Ethridge, McCormick & Bromberg $5,000 each; that said settlement was consummated by said Ethridge, without the cooperation and assistance of appellant; that while appellant believed that it was a case that should be compromised, he was opposed to accepting the amount for which the settlement was finally consummated, especially as to the amount of additional attorney's fee; that he contended the attorneys should receive $15,000 additional fee, instead of only $10,000; that appellant received $5,000, one-half of the additional fee of $10.000 that was paid in said compromise settlement as attorneys fee to and received by F. M. Ethridge, acting for the firm of Ethridge, McCormick & Bromberg, and assuming to act, without authority in that respect, for appellant.

█ Under the view we take of this case, even if it should be assumed, as a fact established without conflict in the testimony, that said compromise settlement was, from every conceivable standpoint, made over the active opposition and protest of appellant, and that he did not receive one-half of the $10,000 additional fee paid, appellant's right to prevail in this appeal would not be increased, as his right to recover was necessarily determined adversely to him when the judgment of the county court, refusing to probate as the last will and testament of said Jackson the instrument of date September 4, 1911, became final. The right of appellant to receive one-half of the additional contingent fee of $25,000 sued for by him depended upon appellant and the law firm associated with him, in representing appellee, "in having said will duly probated in a court of competent jurisdiction by a final decree." Did the judgment of the county court, rendered the ——— day of July, 1919, refusing to probate said instrument of date September 4, 1911, as the last will and testament of said Jackson, become final, and, if so, when?

Appeals in estates of decedents, from a county court to a district court, are regulated by the following provisions of our Revised Civil Statutes of 1925, namely: Article 3698, which in part provides, "Any person who may consider himself aggrieved by any decision, order, decree or judgment of the county court, shall have the right to appeal therefrom to the district court of the county upon complying with the provisions of this chapter." Article 3699, which provides for the execution of an

appeal bond by the party appealing, as follows: "He shall, within fifteen days after such decision, order, judgment or decree shall have been rendered, file with the county clerk a bond with two or more good and sufficient sureties, payable to the county judge in any amount to be fixed by the county judge, conditioned that the appellant shall prosecute said appeal to effect and perform the decision, order, decree or judgment which the district court shall make thereon, in case the cause shall be decided against him." Article 3700 provides that, "When an appeal is taken by an executor or administrator, no bond shall be required, unless such appeal personally concerns him, in which case he must give the bond." And article 3702, being in part as follows: "Such cases shall be tried de novo in the district court, and shall be governed by the same rules of procedure as other civil cases in said court."

■ The application to probate the instrument offered as the last will and testament of John L. Jackson, deceased, was filed by said Warne, named as executor in said instrument. Hearing on this application resulted in a judgment being entered refusing to probate said instrument as the last will and testament of said Jackson. From this judgment said Warne attempted to appeal to the district court of Tarrant county, Tex., without the execution of bond, as provided for by article 3699, supra; it being assumed, we presume, that he was executor within the meaning of article 3700, supra, and therefore not required to execute the appeal bond provided for by said article 3699. The fact that said Warne was named in the instrument offered for probate as the executor of said instrument and the estate of said Jackson, deceased, did not make him such executor, as he could only become such executor within the meaning of said article 3700, supra, on said instrument being admitted to probate as the last will of said Jackson, and taking the oath as such executor, as required by article 3382, Texas R. C. S. 1925. Warne v. Jackson, supra. If Warne, as appellant from the judgment of the county court refusing to probate said instrument as the last will and testament of John L. Jackson, deceased, had perfected his appeal to the district court by the execution of a proper appeal bond, as provided for by article 3699, supra, the judgment so appealed from would have been superseded, in fact vacated, by virtue of the provisions of article 3702, supra, which provides that appeals under said article shall be tried de novo in the district court, the trial to be had in the district court being as if no trial had taken place in the court from which the appeal was prosecuted, as a trial de novo is not to review the proceeding had in a county court, but to hear and determine the cause without reference to such proceedings. Kelly v. Settegast, 68 Tex. 13, 2 S. W. 870; Levy v. W. L. Moody & Co. (Tex. Civ. App.) 87 S. W. 205; Goldstein v. Susholtz, 46 Tex. Civ. App. 582, 105 S. W. 222; Earl v. Mundy (Tex. Civ. App.) 227 S. W. 716. However, it is only where an appeal had been duly perfected so as to confer jurisdiction upon the district court to try the cause that the judgment of the county court is superseded, or vacated. Warne v. Jackson, supra. For Warne to have perfected his appeal, it was necessary that he execute an appeal bond in accordance with the provisions of article 3699, supra. This not having been done, no appeal was consummated to the district court. Articles 3699 and 3702, supra; Warne v. Jackson, supra.

■ Under the state of the record bearing upon Warne's "appeal," the judgment of the county court became and remained final after the expiration of fifteen days from the date rendered, this although the district court assumed to hear and determine said cause as if an appeal from the county court had been duly perfected, as the district court was without jurisdiction, for the want of a proper appeal bond, to hear and determine said application for the probate of said instrument of date September 4, 1911, as the last will and testament of the said Jackson; the effect of the judgment of the Court of Civil Appeals, entered April 13, 1921, being to put in active operation, as of date rendered, the judgment of the county court, as the judgment of the Court of Civil Appeals was the one that should have been rendered by the district court.

No appeal from the judgment of the county court having been perfected and thereby having become final, whether immediately upon the expiration of fifteen days from the date rendered, or from the 13th day of April, 1921, the date of the judgment rendered by the Court of Civil Appeals, the effect was the same upon the rights of appellant to one-half of the additional contingent fee of $25,000, contracted to be paid by appellee in the event "said parties * * * finally succeeded in having said will probated in a court of competent jurisdiction by a final decree," for at no time was appellant in position, after the decree of the county court became final, to have secured the probate of said instrument of date September 4, 1911, as the last will and testament of said Jackson.

This is borne out by the record, that is, the appeal was prosecuted without the execution of the necessary appeal bond. On the case being docketed in the district court as thus appealed, the appellant and his co-counsel urged a motion to dismiss said appeal for want of a proper appeal bond. This motion should have been sustained, and if it had been it would have left the judgment of the county court final. However, said motion was overruled, cause heard, and judgment entered adversely to appellant's client, and from this judgment an appeal was prosecuted to the Court of Civil Appeals.

Again appellant urged a motion to dismiss Warne's appeal to that court, on the ground that the district court did not have jurisdiction, because an appeal bond had not been executed so as to remove the cause from the county court to the district court, and that therefore the Court of Civil Appeals had no jurisdiction.

This brief résumé of the proceedings had is sufficient to demonstrate that at no time, from the date of the judgment of the county court to the date of the judgment of the Court of Civil Appeals, was there a possibility of said instrument being "duly probated in a court of competent jurisdiction by a final decree," as the last will and testament of said Jackson.

The judgment of the Court of Civil Appeals in Warne v. Jackson, in which appellant acquiesced, irrevocably terminated appellant's contract of employment to further prosecute his client's application to probate said instrument of date September 4, 1911, as the dismissal of said appeal by that court was inevitable, as well as the attending effect of its. judgment. As to the making of said compromise settlement, under and by the terms' of which appellee received $65,000, and its attorneys $10,000, same as a matter of fact did not violate any valid prevailing right or opportunity in favor of appellant to further prosecute proceedings in an effort to probate in a court of competent jurisdiction said instrument as the last will and testament of said Jackson. This although the parties to said compromise settlement in good faith believed that such right or opportunity still existed. Therefore, the making of said compromise settlement did not in any respect impair or invade any of the rights secured to appellant by said contract of date May 15, 1919, but rested upon an independent contract made by Judge F. M. Ethridge for the use and benefit of his firm and said appellant as to the additional fee of $10,000, and the benefit of appellee to the extent of $65,000, by which appellant received the sum of $5,000 as an additional fee, which he could not have recovered, or received any part thereof, under said attorney's fee contract.

We are therefore of the opinion that the trial court's judgment is correct and should be in all things affirmed.

Affirmed.

### On Appellant's Motion for Rehearing.

Appellant's motion for rehearing is founded in the main upon the proposition that this court erred in holding that, "The judgment of the Court of Civil Appeals in Warne v. Jackson et al., 230 S. W. 242, in which appellant acquiesced, terminated appellant's contract of employment to further prosecute his client's application to probate said instrument of date February 4, 1911, as a dismissal of said appeal by said court was inevitable, as well as the attending effect of its judgment," because the right to have the judgment of the county court revised and corrected by certiorari proceedings was available to said Warne as executor named in said instrument, and to appellee named therein as principal beneficiary after the Court of Civil Appeals had dismissed said cause, two years not having elapsed from the date of the judgment of the county court refusing to probate as the last will of John L. Jackson, deceased, the instrument offered for that purpose by said Warne. This position is based on the following articles of the Revised Civil Statutes of 1925, viz.: Article 932, which in part reads, "Any person interested in the estate of a decedent or ward may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were had, and not afterward." Article 933: "An application for writ of certiorari to the county court shall be made to the district court, or a judge thereof. It shall state the name and residence of each party adversely interested, and shall distinctly set forth the error in the proceedings sought to be revised." And article 934: "The writ of certiorari shall in all cases be granted upon the application of a party therefor upon the applicant entering into bond in such sum as shall be required by the judge, sufficient to secure the costs of the proceeding."

■■ For the following reasons we were of the opinion that said statutory provisions did not apply to the facts of this case, and for the sake of brevity did not present same in the original opinion: (1) That the holding in Warne v. Jackson, supra, viz.: "Appellant places himself in the anomalous position of seeking to dismiss his own appeal because he failed to give an appeal bond from the county to the district court. Why this is done and what is to be accomplished by it in favor of appellant is not apparent. The record shows that no appeal bond was given from the county court to the district court, and appellant is insisting that the district court had no jurisdiction of the cause, and it will necessarily follow that if the district court had no jurisdiction of the cause the judgment of the county court, denying probate of the will, has not been disturbed, and is still in full·force and effect, and the dismissal of this cause would be exactly what appellees are seeking to obtain"—was the law applicable to the situation the parties to that cause were by that opinion held to be in through the dismissal of said cause, in that, said judgment of the Court of Civil Appeals became final; and a final decree denying probate of the instrument offered as the last will of John L. Jackson, deceased, being all the appellees in the cause of Warne v. Jackson et al. were seeking to obtain, was binding upon the parties thereto as the law by which their rights were determined. (2)

That in order for appellant to have established his right to recover against appellee, it was incumbent upon him to allege and prove facts sufficient to show: (a) That appellee would have been entitled, as against the judgment of the county court refusing to probate said instrument, to the writ of certiorari to have reviewed said judgment— facts from which it would have appeared that such proceedings were void or that some substantial wrong and injustice to the estate of John L. Jackson had been done. (b) That but for the compromise settlement made, terminating the proceedings for the probate of said instrument, same would have been finally probated as the last will and testament of said Jackson. This holding is in accord with the following rule of law announced by Chief Justice James in the case of Comstock v. Lomax et al. (Tex. Civ. App.) 135 S. W. 185, 186, viz.: "The writ of certiorari to annul proceedings of the county court in probate matters is not a writ of right in the sense that the proceeding will be revised for errors as on appeal. Relief is only granted in such cases when it is made to appear that the proceeding is void, or that some substantial wrong and injustice to the estate has been done."

■ After a careful inspection of the statement of facts, we find that appellant failed in both of such requirements. Duke v. Harper, 8 Mo. App. 296. However, if we should be in error in affirming the judgment on the grounds stated in our original opinion, nevertheless appellant's motion for rehearing will have to be refused on grounds not heretofore discussed.

■ When appellant informed appellee, his client, that the Jackson litigation should be compromised, he thereby consented to such course being pursued, and to an arrangement that would defeat his right to the contingent fee, as the effect thereof was but to say to his client that his cause should not be prosecuted to final judicial determination, which was against pursuing the only course under which appellant could have determined his right to one-half of the contingent fee, as the prosecution of the litigation to final judgment probating the instrument offered as the last will and testament of said Jackson was the only condition that would mature appellant's right to claim one-half of that fee.

■ As we view the legal effect of the contract sued upon, the obligations of the attorneys, as well as their rights, were joint. The fee contracted to be paid was a joint undertaking for the benefit of appellant and his associates, and the attorneys were jointly interested and jointly responsible in the matter of performing the services for which they had been employed and were to receive compensation; hence, the compromise of the Jackson litigation and the adjustment of the

attorneys' compensation, by Judge Ethridge, were acts performed by him as the agent of and for the benefit of his associates, and therefore binding upon appellant, and this whether the attorneys so employed be regarded as special partners, or as co or joint adventurers, for in either instance their interests and obligations were joint. This holding is in consonance with the rule of law stated in 1 Williston on Contracts, § 316, as follows: "Several persons who are promisees under a contract may be treated as a unit and thereby together become entitled to the performance of the promise. In case of joint promises it would be conceivable not simply to require their joinder in the action, but also to require their joinder in the seizure of any property of the defendant taken in satisfaction of the claim; or in the receipt of any performance from the promisor given without litigation. But though each joint promisee is not regarded as individually entitled to the full performance of the promise in the same way that the joint promisor is subjected to the entire liability for it, a somewhat similar effect is produced by implying an agency on the part of each promisee to receive or collect performance on behalf of all those entitled to it." And by section 343, Id., it is stated: "since each of several joint obligees is interested in the entire claim he has power to discharge the entire claim either by release or by accord and satisfaction; and so a payment of the whole debt to one obligee discharges it; and a tender to one is legally a tender to all." See also section 325, Id. The rule as to promisees is stated in section 569, p. 577, C. J., as follows: "Promisees cannot be both joint and several; that is, persons must be entitled under a contract jointly only or severally only. It is not possible by any words of joinder or severance to give the covenantees the election to sue separately or together, that is, both jointly and severally. It follows from this that a contract cannot, as to the promisees, be treated as joint or several at their option."

We hold therefore that appellant's rights, after the compromise had been made under the above facts and circumstances, if any thereafter remained due him, were limited to his right to receive reasonable compensation; his claim then being unliquidated. Southworth v. Rosendahl, 133 Minn. 447, 158 N. W. 717, 3 A. L. R. 468; R. C. L. Sup. vol. 1, p. 689; Andrewes v. Haas, 214 N. Y. 255, 108 N. E. 423, 3 A. L. R. 458; Ellwood & Lowrie v. Wilson, 21 Iowa, 523; Enos et al. v. Keating, 39 Wyo. 217, 271 P. 11, 12, 275 P. 131.

■ As to the defense of accord and satisfaction, we think a brief résumé of the material facts sufficient to show that on that defense alone the trial court's instructions would have to be sustained, viz.: Appellant's

claim was unliquidated; appellee in good faith disputed liability to appellant for the full amount of the contingent fee contracted to be paid; that said check was cashed by appellant, he receiving thereon the sum of $4,975. We hold therefore that appellant, in cashing said check and receiving thereon the sum of $4,975, did so upon the conditions said check was tendered to him, namely, "In full of all demands of any character whatsoever against the estate or will of John L. Jackson, deceased, National Spiritualists Association of the United States of America, George B. Warne, president of said Association, and Ethridge-McCormick & Bromberg, or any of them," written in the face of said check. If appellant was unwilling to accept the check as tendered in full settlement of all his claims against the parties named in said "conditions," growing out of the $25,000 contingent fee, and settlement made of the litigation involving the probate of the Jackson will, it was his duty to have returned said check without cashing it; the acceptance of said check operated as a full satisfaction of appellant's claim against appellee, based upon said contingent fee of $25,000.

The acceptance by appellant, even under protest, of less than what was due in full of his claim, same being in good faith disputed, operated as a bar to a recovery of the balance sued for. Appellant's mental attitude at the time he accepted the check, not having been agreed to by appellee, was therefore immaterial. This is supported by the following rule stated in 1 C. J. 564: "The erasure or alteration of the condition expressed in a check by the creditor without notice to and assent by the debtor will not prevent its acceptance from constituting an accord and satisfaction, since if the creditor were allowed to accept it for a different purpose than that allowed, it would be to allow him to make a contract with defendants without their knowledge and consent." 1 Texas Jurisprudence, §§ 29 to 30, inclusive, and §§ 34 to 38, inclusive and cases therein cited; Buford v. Inge Const. Co. (Tex. Civ. App.) 279 S. W. 513; Franklin Ins. Co. v. Villeneuve, 25 Tex. Civ. App. 356, 60 S. W. 1014; Daugherty v. Herndon, 27 Tex. Civ. App. 175, 65 S. W. 891; Bergman Produce Co. v. Brown (Tex. Civ. App.) 156 S. W. 1102.

We will now discuss another important phase of the case presented by the disagreement of appellant's counsel, in reference to the time when and the terms upon which a compromise of the litigation should be made, as to the rights of appellee under the situation produced by such disagreement.

Appellant and the law firm of Ethridge, McCormick & Bromberg were generally employed for the purpose of representing the interest of appellee in the matter of securing the probate of the instrument offered as the last will and testament of John L. Jackson, deceased. The contract of employment of said attorneys did not convey any interest in the subject-matter of the litigation in which they were to represent appellee, their interest being only the right to receive a fee in the sum of $30,000, of which $5,000 was an absolute sum to be paid, and $25,000 payable on condition that the instrument offered as the last will of said Jackson should be finally admitted to probate by a court of competent jurisdiction. In representing appellee, said attorneys determined that the subject-matter of the litigation was one for compromise, they disagreeing only as to the time when negotiations to compromise should be instituted, and as to the amount that should be paid their client. In the negotiations to compromise the litigation, said Ethridge and appellant were the active agencies representing appellee, and they were unable to reconcile their disagreement.

What rights did appellee have to remove or solve the situation produced by the disagreement of its counsel. Further procedure in the matter of terminating the litigation by compromise measure was shackled by the disagreement of said attorneys. The litigation was for the benefit of appellee and not for its counsel, except as to the compensation counsel were to receive under the contract of employment for services rendered and to be rendered their client. Certainly it cannot be said that the rights of appellee were so subservient to those of its attorneys that it did not have the right to terminate such disagreement, notwithstanding the adjustment thereof by the attorneys was indefinite as to when it would be accomplished, if at all, and it was uncertain as to how long the then existing opportunity to settle the litigation on terms that had been submitted to and tentatively accepted by the interest adverse to appellee would be available. We think that appellee had the paramount right, under the situation thus presented, to dissolve the disagreement existing between its attorneys, and in doing so did not incur liability to pay attorney fees under the contract of employment, but only to pay the additional attorney fee of $10,000 that appellee contracted to pay and did pay on account of the compromise settlement effectuated by F. M. Ethridge (deceased), one of its attorneys, whose opinion appellee elected to accept, and thereby terminated the disagreement existing between its attorneys.

No reason being disclosed by appellant's motion as to why the judgment entered should be disturbed, said motion is in all things overruled.

Overruled.