## ANDREW M. SCHARMANN v. UNION PACIFIC RAILWAY COMPANY.

### GEORGE C. STILES, INTERVENER-RESPONDENT.[1]

December 19, 1919.

No. 21,301.

**Enforcement of attorney's lien — deposit in foreign court.**

1. An attorney has a lien upon a cause of action arising under the Federal Employer's Liability Act for his services, and, upon settlement of the action by the parties without payment of his fees, the attorney may enforce his lien in the action in this state. The deposit of money equal to the amount of such lien in the courts of another state in no manner affects the res upon which such lien is held.

**Evidence of champertous contract.**

2. The evidence examined, and *held* to sustain the finding that the intervener's contract of employment was not champertous and void.

[1]Reported in 175 N. W. 554.

**Constitution not violated.**

 3. It does not appear from an examination of the record herein, that the decision of the trial court is in violation of section 1 of article 4 of the Constitution of the United States.

In the district court for Hennepin County George C. Stiles moved to vacate a dismissal of the above entitled action by the plaintiff, and to reinstate the cause upon the calendar, for the purpose of enabling him to recover $4,000 as his attorney fees and $750 additional loaned by him to the plaintiff. The defendant company made return and answer. The matter was tried before Molyneaux, J., who made findings and as conclusion of law ordered judgment in favor of intervener for $3,333.34. From an order denying its motion for amended findings and conclusions of law and from an order denying its motion for a new trial, defendant appealed. Affirmed.

*A. G. Ellick* and *Bruce W. Sanborn,* for appellant.

*F. M. Miner,* for respondent.

QUINN, J.

Proceeding to enforce a lien for attorney's fee against the cause of action set forth in the complaint. The case was tried to the court without a jury. Findings and an order for judgment were made in favor of the intervener and against the defendant for $3,333.34, with interest and costs. From an order denying its motion for a new trial, defendant appealed.

While in the employ of the defendant as a locomotive engineer in the state of Nebraska, in October, 1915, plaintiff sustained an injury which resulted in the amputation of his left leg above the knee. In March, 1916, he employed the intervener, George C. Stiles, an attorney residing at Minneapolis, to bring and prosecute a suit against the defendant to recover damages for such injury, agreeing to allow him one-third of the amount recovered either by suit or settlement for his services. An action was brought in Hennepin county, Minnesota, issue joined, and the case placed upon the calendar for trial, when, in the fall of 1916, counsel for the respective parties arrived at an agreement of settlement of the action at $12,000, which was assented to by plaintiff, and the action dismissed. For some reason the settlement was never consummated, and

in May, 1917, the plaintiff directed Mr. Stiles to bring another action to recover such damages, upon the same terms of employment. The present action was then brought, issue joined and the case placed upon the calendar for trial, when the plaintiff entered into an agreement with the defendant, settling the case for $10,000 and dismissing it without the knowledge of plaintiff's attorney, or the payment of his fees.

In September, 1917, the railway company brought an action in equity, in the district court of Buffalo county, Nebraska, against the plaintiff, his wife Edna as conservatrix of his estate, and George C. Stiles as defendants.

In its petition the railway company alleges and sets forth plaintiff's injury; that he claimed the same was caused through the carelessness of its servants; that in October, 1916, Edna Scharmann was appointed conservatrix of the estate of her husband by the probate court of Cook county, Illinois, and given the sole charge of his estate, including any claim which he might have for damages against it on account of such injury; that said railway company denies such alleged negligence on its part; that the said Andrew M. Scharmann and Edna Scharmann as such conservatrix have settled and adjusted said claim for damages with said railway company for the sum of $10,000; that said George C. Stiles is an attorney at law, residing in the city of Minneapolis, Minnesota, and claims an interest in the amount which may be paid to said Scharmann in settlement for such injury, by virtue of a certain contract of employment as an attorney to prosecute such claim for damages which he claims to hold, and that the amount of such claim is the sum of $3,333.34.

It is further set forth in such petition that, in pursuance of such settlement, said railway company paid to said Edna Scharmann as such conservatrix, the sum of $6,666.67, and now brings into court and deposits with the clerk thereof the balance of said $10,000, to abide the decision of the court as to which of said parties is entitled thereto; that by reason of such controversy said railway company is in danger of being harassed on account of such settlement, and cannot safely pay the balance of said amount without the aid of the court in the premises, and therefore asks that all of said parties be required to interplead concerning the matters in controversy between them, etc.

A certified transcript of the record of the proceeding in the state of

Nebraska was placed in evidence, from which it appears that a summons was issued therein and served upon the defendant, George C. Stiles, therein named, at Minneapolis, Minnesota, personally on October 2, 1917, requiring him to answer to the petition therein. Stiles did not appear or answer. The other defendants answered, alleging that Stiles had no interest or claim upon the funds involved in such settlement. At a regular term of said court, on October 30, 1917, a default was entered against Stiles, and after hearing proofs the court made findings to the effect that the employment of Stiles for the prosecution and handling of the claim and cause of action referred to, was secured by him solely through his active solicitation and by virtue of an illegal and champertous arrangement, and that he had no lien upon or interest in such settlement fund.

Upon being informed of the settlement of said cause of action, Mr. Stiles applied to the district court of Hennepin county to reinstate the cause and allow him to intervene in order to enforce his lien for the value of his services in such matter against the defendant railway company. The application was granted, and the intervener filed his claim of lien for one-third of $12,000. A hearing followed in which the defendant appeared and opposed the claim of the intervener, with the result stated.

It is contended on behalf of the appellant that the court erred: (1) In denying its motion for judgment on the ground that the respondent's contract of employment is void for champerty and maintenance; (2) in denying appellant's motion for a new trial on the ground that the decision is not justified by the evidence and is contrary to law; (3) in denying appellant's motion for a new trial on the ground that the decision is in violation of section 1, of article 4 of the Constitution of the United States.

It is conceded by counsel that if the intervener procured the handling of the case at bar through the solicitation of a layman for hire, as contended for by the appellant, the contract of employment in question is absolutely void and he has no lien upon the cause of action stated in the complaint. The trial was to the court without a jury, and the court found that the intervener did not obtain said case through an unlawful solicitation and that the contract was not champertous. A number of

witnesses gave testimony upon each side of the controversy as to how the plaintiff first came to employ Mr. Stiles to prosecute the case for him. There was a sharp conflict in the testimony bearing upon the different phases of that issue, and the here decisive question is, was there credible testimony had upon the trial in support of the findings of the trial court upon that issue? If there was, then the findings should be sustained. After a careful reading of the record we are satisfied that the weight of the testimony of the several witnesses was for the trial judge to determine. The testimony is voluminous and no particular good would be accomplished by reviewing and analyzing it here.

We discover no error in the holding of the trial court, upon the contention that the decision was in violation of section 1 of article 4 of the Federal Constitution, that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state." If the employment was lawful, as determined by the trial court, then it constituted a valid Minnesota contract. The action was brought in Minnesota. The court acquired jurisdiction both of the parties and the cause of action. The services were all rendered in this state. Under the Minnesota statute, the intervener had a lien upon the cause of action for his services from the time of the service of the summons in the action. The deposit with the clerk in no manner affected the res against which Stiles sought to impress a lien. Nor did it afford a basis for the service of a summons outside of the state, so as to give the Nebraska court jurisdiction. The decree of that court was a nullity insofar as it relates to the intervener or the cause of action upon which he claims a lien.

Affirmed.