ARTHUR MINER v. JOHN BARTON PAYNE, DIRECTOR
GENERAL OF RAILROADS, ET AL.
GEORGE C. STILES, INTERVENER.[1]

October 14, 1921.

No. 22,353.

**Complaint — not construed to allege false cause of action.**

1. The evidence was not such as to require a finding that an amended complaint in a personal injury case had been so framed as to set forth falsely the circumstances under which plaintiff had been injured, with intent to fabricate a cause of action.

**Attorney's lien — computation of attorney's percentage.**

2. The amount received by the plaintiff upon a settlement of the case, made without the knowledge of his attorney, may be taken as the basis for the computation of the attorney's agreed percentage of the recovery, in a proceeding to establish his lien upon the cause of action and recover from the defendant the amount he was entitled to receive under his contract of employment.

**Substitution of defendant after lien has been fixed.**

3. The agent of the President under the Transportation Act of February 28, 1920, may be substituted for the original defendant in such a proceeding after the attorney's lien has been established, where such agent was joined as a party to the proceeding and appeared and answered therein.

In an action in the district court for Hennepin county to recover damages for personal injuries, George C. Stiles filed his complaint in intervention to recover $4,000 attorney fees. The matter was heard by Molyneaux, J., who made findings and ordered judgment in favor of intervener Stiles, for $4,460. From an order denying his motion for a new trial, the substituted defendant appealed. Affirmed.

*Barrows, Stewart & Metcalf,* for appellant.

*F. M. Miner,* for respondent.

[1] Reported in 184 N. W. 673.

LEES, C.

While employed as a freight conductor in the state of Wyoming by the defendant railroad company the plaintiff, Arthur Miner, fell from his train and was severely injured. About two weeks later one Benon, representing the intervener, George C. Stiles, obtained from Miner a signed statement, in which he said he was going over his train from one car of lumber to another and went down between the cars, and that there were no grab irons except at the bottom of the car. At the same time Miner signed a contract employing Stiles as his attorney, to bring an action for damages against the railroad company, agreeing to pay him a sum equal to one-third of the amount received either by suit or settlement. Benon immediately telephoned to Stiles, informing him of the retainer and of the facts of the case, and the latter at once commenced an action, sending a copy of the complaint to Miner with a letter asking him to examine it and inclosing a check for $100 as a personal loan. He wrote that he could not make out from what Benon had said whether plaintiff had fallen from the end of a gondola car or from the end of the car next to it, and asked him to tell him in his own way how he fell. He added that if necessary he would amend the complaint to set up the facts correctly. To this Miner replied that there had been a mistake as the letter was "not like it should be at all," and returned the check and asked Stiles not to do anything more until he notified him. About two weeks later Benon obtained another statement from Miner, in which he said he was on a bad order box car, which was loaded on a flat car and was going down the side of the box car; that the grab iron was driven into the side of the car, and in making a step he swung around the end of the car and fell in between the cars. At the same time he either gave or exhibited to Benon a letter from a fellow employe, named Fee, stating that Fee had checked the train and found the grab irons bent against the body of the "penalty defects" car body.

In the original complaint it was alleged that plaintiff fell while climbing upon the end of a gondola car, because the top grab iron on the car was missing. In the amended complaint, served after Miner made his second statement, it was alleged that he fell while climbing down the side of a box car, because the two lowest hand-holds in the ladder on the

car were bent in against the side of the car. The railroad company answered, denying liability, and several months thereafter made a settlement with Miner, paying him $12,234 for a release of his claim. The settlement was made while the case was on the trial calendar of the Hennepin county district court, was made without Stiles' knowledge, and immediately thereafter, Miner, who had been living in Minneapolis while his case was pending, left that city and returned to his home in Wyoming without paying Stiles anything for his services.

On discovering these facts Stiles obtained leave to intervene in the action and filed a complaint therein setting up his contract of employment, the bringing of the action in pursuance thereof, the settlement made by Miner, his failure to pay him for his services, and claimed a lien upon the cause of action by virtue of chapter 98, p. 121, Laws 1917, for one-third of the sum Miner had received, and demanded judgment for that amount against the railroad company and also against John Barton Payne as agent of the President under the Transportation Act of February 28, 1920. Though the latter was named by the intervener as a defendant, so far as the record shows no order of substitution had been or ever was entered by the court. The defendants answered separately, but by the same attorneys. Among other defenses both alleged that Miner fell from a gondola car and that in that respect his original complaint was true; that his amended complaint was prepared by intervener after he learned that there was another car in the train which had a defective ladder, and that the amendment was made with full knowledge that the accident did not occur on that account. The agent of the President also alleged that the intervener had not been employed to sue and had not sued him. At the trial the principal issue was whether the intervener had caused plaintiff's complaint to be amended with knowledge that the cause of action finally pleaded was fabricated. There was a sharp conflict in the evidence bearing on this issue. The trial court decided it in favor of the intervener, awarding him the amount claimed, together with certain expenditures made for plaintiff's benefit and the President's agent has appealed from an order denying his motion for a new trial.

1. We have carefully considered the evidence relating to the issue

already mentioned. It cannot be reconciled. According to the testimony of Miner and his wife, corroborated to some extent by the written evidence, Benon induced Miner to attempt to perpetrate a fraud by manufacturing evidence which would fit in with the theory that he fell from the box car on which Fee found the defective ladder. According to Benon and two other witnesses, the facts were as alleged in the amended complaint, and Stiles was mistaken in setting them out as he did in the original complaint. A clear cut issue of fact was presented to the trial court, and we cannot hold that there was not sufficient evidence to sustain a finding in favor of the intervener.

2. Citing Lawler v. Dunn, 145 Minn. 281, 176 N. W. 989, appellant insists that there could be no recovery without proof of the reasonable value of intervener's services, and that he could not rely on his contract with plaintiff to establish the amount of his recovery. In Davis v. Great North. Ry. Co. 128 Minn. 354, 151 N. W. 128, it was held that the amount of a settlement of a pending action for damages may be taken as the basis for the computation of the attorney's agreed per cent of the recovery, if the settlement was made in good faith and without a purpose to defraud the attorney and in Southworth v. Rosendahl, 133 Minn. 447, 158 N. W. 717, 3 A.L.R. 468, the rule announced in the Davis case was referred to with approval. In Wildung v. Security M. Co. 143 Minn. 251, 173 N. W. 429, and in Scharmann v. Union Pac. Ry. Co. 144 Minn. 290, 175 N. W. 554, it was assumed that the rule applied to such cases as the present one. The Lawler case does not lay down a different rule and is not at all in point. It merely decided that an attorney discharged without cause could recover only the reasonable value of the services he had rendered to his client.

3. It seems to be conceded that the agent of the President has never been substituted for the railroad company as defendant pursuant to section 206 of the Transportation Act of 1920. Intervener's claim is one which is properly payable out of funds appropriated under the provisions of that act, and we see no reason why an order of substitution may not be entered nunc pro tunc, if applied for in the court below. The agent of the President voluntarily appeared and answered, and the merits of the controversy with the intervener have been considered and

determined by the trial court, so that the objection that there has been no substitution is merely formal.

The order appealed from is affirmed and the cause remanded to the district court with directions to entertain a motion for the substitution of the agent of the President as defendant in the action.