LEHIGH & N. E. R. CO. v. FINNERTY.

No. 4822.

Circuit Court of Appeals, Third Circuit.

Sept. 9, 1932.

George Gildea and Katzenbach, Gildea & Rudner, all of Trenton, N. J., for appellant.

E. Burke Finnerty, of Jersey City, N. J. (Samuel Tartalsky and Charles Hershenstein, both of Jersey City, N. J., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from an order imposing a lien on the cause of action of Harry B. Hayes v. Lehigh & New England Railroad Company of $4,250, constituting counsel fees and taxed costs, and directing the defendant to pay the same.

On February 27, 1930, Harry B. Hayes was employed by the appellant company as a general inspector, and while he was under a locomotive, making an inspection, it is charged that the locomotive "suddenly and without any notice or warning, was negligently and carelessly moved by the said defendant, through its agent or agents, causing, allowing and permitting the wheels of said locomotive to pass over the plaintiff, causing the immediate amputation of both of plaintiff's legs."

Mr. Hayes employed E. Burke Finnerty, Esq., the appellee, as attorney to represent him and on June 5, 1930, entered into a written agreement to pay him a fee of 25 per cent. of any amount collected by settlement without trial, or 40 per cent. of the amount collected if the case went to trial. The agreement follows:

"I, Harry B. Hayes, of Centre Valley, Lehigh County, Pennsylvania, do hereby retain E. Burke Finnerty, of 921 Bergen Avenue, Jersey City, New Jersey, to collect damages from Lehigh & New England Railroad Company for injuries sustained by me on February 27, 1930, at Tadmore, North Hampton, Pennsylvania, and I agree to pay him for his services an amount equal to 25 percent of any amount collected by settlement without trial, or 40 percent, if the case actually goes to trial. It being understood and agreed that if the case turns out to be only a case of compensation under the compensation law of Pennsylvania, then no part of my compensation money is to be paid to my said attorney.

"Harry B. Hayes.

"Witness: Henry L. Snyder."

Mr. Finnerty brought suit against the appellant on June 27, 1930. While the case was pending and before trial was had, a claim agent of the company, on or about September 19, 1930, without the consent or knowledge of counsel for either party, settled the

case directly with Mr. Hayes by paying him $17,000.

Thereupon the appellee filed and gave notice of a motion in the District Court to have a lien for his compensation enforced upon his client's cause of action in accordance with the Attorney's Lien Act of New Jersey (P. L. 1914, c. 201, p. 410 [Comp. St. Supp. § 116—76]), which provides as follows: "After the service of a summons and complaint in any action at law, or the filing of a bill of complaint or petition in the Court of Chancery, or the service of an answer containing a counterclaim in any action at law, the attorney, solicitor or counselor-at-law, who shall appear in said cause for such party instituting the action at law, or suit, or filing the petition, or counterclaim, shall have a lien for compensation, upon his client's cause of action, suit, claim or counterclaim, which shall contain and attach to a verdict, report, decision, decree, award, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come; and the lien shall not be affected by any settlement between the parties before or after judgment or final order of decree. The court in which such action, suit or other proceeding is pending, upon the petition of the attorney, solicitor or counselor-at-law, may determine and enforce the lien."

After due consideration of the motion, the court held that the appellee was entitled to enforce a lien of $4,250, 25 per cent. of the $17,000, upon the cause of action, together with taxed costs, and directed the same to be paid by the railroad company, which appealed to this court and urges that the order should be reversed for several reasons, but principally for the reason that the parties to the contract of employment were residents of Pennsylvania where the contract was signed and where an attorney does not have a lien upon his client's cause of action.

■ The lien here is a right created by the statute and not by the contract. After action was commenced, the plaintiff was a party in interest in the litigation. The contract fixed the *amount* and not the *existence* of the lien. The amount of the lien as fixed by the contract must be enforced by the court unless it be inequitable; and after suit was begun, defendant settled with the plaintiff, without the knowledge of his attorney, at his peril. Machcinski v. Lehigh Valley Railroad Co. (C. C. A.) 272 F. 920; Gulf States Steel Co. v. Justice, 204 Ala. 577, 87 So. 211; Standidge v. Chicago Railways Co., 254 Ill. 524, 98 N. E. 963, 40 L. R. A. (N. S.) 529, Ann. Cas.

1913C, 65; Miner v. Payne, 150 Minn. 103, 184 N. W. 673; Cawley v. Burke, 43 R. I. 188, 110 A. 609.

■ The contract does not expressly state where the parties intended that suit should be brought, but the employment of an attorney of New Jersey and the bringing of suit in New Jersey indicate that the parties intended from the first that suit should be brought in that state. And being brought there, the laws of that state control as to the lien.

■ Appellant further says that the court erred in making the order without a jury trial or judicial inquiry into the matter.

It does not appear that the appellant raised this question at the hearing or at any other time, until after the order had been made against it. Whatever its rights were as to a jury trial, they were waived, for it appeared and defended without requesting a jury trial and such conduct was inconsistent with an intention to demand one. United States v. National City Bank (C. C. A.) 281 F. 754. But regardless of this, the statute does not contemplate a jury trial in fixing the lien. It expressly provides that the lien be determined by the court upon petition. The action to determine and enforce it is an equitable proceeding committed to the court in which suit was instituted. P. L. 1914, p. 410; Ferraro v. City Hall Garage, 94 N. J. Law, 209, 109 A. 358, 359; Machcinski v. Lehigh Valley Railroad Co., supra; Standidge v. Chicago Railways Co., supra.

■ The appellant also contends that the order was erroneous because the motion, which may be treated as a petition, for a lien did not state that the appellee "would ask for an order of the kind that was entered," that is, an order against the defendant, but "for an order impressing a lien upon the sum of $17,000" paid by the Lehigh & New England Company to Harry B. Hayes, out of which sum he would apply for an order to pay him as attorney the sum of $4,250; that instead of such an order, the court impressed a lien upon the cause of action of Hayes and directed the appellant to pay it although the fund had passed to Hayes.

The motion was not so plain and explicit as it might and should have been. The act provides that the attorney shall have a lien upon his client's cause of action and the motion should have so stated. However, the motion did state that its purpose was to impress a lien, to pay the appellee as attorney for Hayes "in accordance with law as pursuant

to the terms of the written retainer signed by said Harry B. Hayes." There is no other law in New Jersey giving an attorney a lien upon his client's cause of action than the act of 1914 quoted above, and this the appellant knew. While the motion is imperfect, we do not think that the appellant was surprised or that it could have made other defense than it did, had the motion been more explicit. When the appellant made the settlement without the consent or knowledge of Hayes' attorney, it knew that by force of the statute he had an interest in the suit and that a lien might be impressed upon the cause of action which would "not be affected by any settlement between the parties." Consequently the defendant made the settlement "behind the back" of plaintiff's attorney at its peril. Ferraro v. City Hall Garage, supra.

■ The appellant finally says that Hayes should have been made a party.

In other words, the appellant's contention is that the appellee should have proceeded against Hayes, his faithless client, at the same time that he proceeded against the appellant, so as to secure his compensation from Hayes instead of from the appellant. It would make no difference on the appellant's theory whether the appellee proceeded against Hayes before he did against the appellant or jointly with it. The Court of Errors and Appeals of New Jersey, in the Ferraro Case, supra, substantially answered that contention adversely to the appellant as follows:

"The argument advanced in support of this contention is that the plaintiff was primarily liable to pay his lawyer his fee, and that the latter might have instituted an action against his client without attempting to enforce the lien, and that the defendant was only liable in case the plaintiff was not responsible.

"To adopt this view would eliminate from the statute the protection which the Legislature clearly intended to afford an attorney against being deprived of his fee, where he has brought an action or suit for a plaintiff, which action or suit was settled between the parties without such attorney's consent. The defendant was in no need of any protection. He is in a position to protect himself, for the fund proceeds from him with which the settlement is made. The defendant has his choice whether to pay the fund over to the plaintiff's lawyer so as to give the lawyer an opportunity to get his fee, or the defendant may withhold the fund or such part thereof as will be sufficient to pay the attorney's fee, or he may refuse payment altogether until the plaintiff obtains the consent of his lawyer to the settlement. The statute never contemplated that a defendant should be permitted to evade the clear legislative purpose expressed therein, by permitting a defendant to pay over a fund in settlement of a cause of action to the plaintiff, and require a plaintiff's attorney to first sue his faithless client, who may or may not be a responsible person, for a recovery of his fee, before calling upon the defendant alone to account. To take any other view would defeat the purpose which called the statute into being."

The situation which the defendant deliberately created requires the conclusion which the District Court reached, and it cannot now complain.

The order is affirmed.